FILED

JUN 28 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**ORDERED PUBLISHED**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: )<br>)<br>YAVAUGHNIE RENEE WILKINS, )<br>)<br> Debtor. )<br>_____ )<br>)<br>YAVAUGHNIE RENEE WILKINS, )<br>)<br> Appellant, )<br>)<br>v. )<br>)<br>JOHN J. MENCHACA, Chapter 7 )<br>Trustee; SCHREIBER FAMILY )<br>TRUST dated March 22, 1989, )<br>)<br> Appellees. )<br>_____ ) | BAP Nos.  CC-17-1335-KuLS<br>          CC-17-1337-KuLS<br>          CC-17-1346-KuLS<br>          (Related Appeals)<br><br>Bk. No.   2:16-bk-12328-SK<br><br><br><br><br><br>**O P I N I O N** |

Argued and Submitted on May 24, 2018 at
Pasadena, California

Filed - June 28, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sandra R. Klein, Bankruptcy Judge, Presiding
_____

Appearances:    Andrew M. Wyatt of Wyatt Law argued for appellant
                Yavaughnie Renee Wilkins; William J. Wall argued
                for appellee Schreiber Family Trust.
                _____

Before:  KURTZ, LAFFERTY, and SPRAKER, Bankruptcy Judges.

KURTZ, Bankruptcy Judge:

## I.  PROCEDURAL HISTORY

In these related appeals, chapter 7[1] debtor Ms. Yavaughnie Wilkins appeals from the bankruptcy court's (1) Order Granting Trustee's Motion For Conversion To Chapter 7 (Conversion Order) and from the portion of the Order Denying Ms. Wilkins' Motion for Reconsideration related to the Conversion Order (BAP No. CC-17-1335); (2) Order Granting Trustee's Motion to Sell Real Estate (Sale Order) and from the portion of the Order Denying Ms. Wilkins' Motion For Reconsideration related to Sale Order (BAP No. CC-17-1337); and (3) Order Granting Turnover Order and Writ of Possession (BAP No. CC-17-1346).

Ms. Wilkins filed a single notice of appeal which was untimely filed as to all of the above-referenced orders.  The BAP Clerk's office issued a notice of deficiency requesting the parties to explain why these appeals should not be dismissed. Ms. Wilkins' counsel responded by requesting an extension of time to appeal under Rule 8002(d)(1)(B), claiming excusable neglect.  Appellee, John J. Menchaca, the chapter 7 trustee, maintained that the standards for excusable neglect were not met and therefore the appeals should be dismissed.  Appellee,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, Rule references are to the Federal Rules of Bankruptcy Procedure, and FRAP references are to the Federal Rules of Appellate Procedure.

-2-

Schreiber Family Trust (SFT),[2] responded similarly and also contended that counsel's request for an extension of time to appeal was untimely under Rule 8002(d)(1)(B). Therefore, the Panel was required to dismiss the appeals for lack of jurisdiction. SFT subsequently filed a motion to dismiss these appeals on these same grounds.

In light of the Supreme Court's decision in Hamer v. Neighborhood Housing Services of Chicago, 138 S.Ct. 13 (2017), the Panel sua sponte requested further briefing on whether the 14-day time deadline for filing an appeal from a bankruptcy court's decision was jurisdictional, thereby requiring dismissal of these appeals, or whether the time deadline was a mandatory claim-processing rule subject to waiver or forfeiture.

Having reviewed the briefs from Ms. Wilkins and SFT and considered the oral arguments of counsel, we conclude that the 14-day time deadline in Rule 8002(a) remains a mandatory and jurisdictional requirement in this court as the Ninth Circuit has held for decades. Accordingly, we dismiss these three appeals for lack of jurisdiction.

## II. JURISDICTION

We have jurisdiction to determine our own jurisdiction and consider the issue de novo. Gugliuzza v. Fed. Trade Comm'n (In re Gugliuzza, 852 F.3d 884, 889 (9th Cir. 2017). The Panel's

---

[2] SFT held a promissory note executed by Ms. Wilkins in the original principal sum of $200,000. The note was secured by a deed of trust on Ms. Wilkins' personal residence in San Jose, California. SFT successfully moved to convert Ms. Wilkins' case from chapter 13 to chapter 7. The chapter 7 trustee then sold the property to a third party.

first consideration on appeal is our jurisdiction. <u>Id.</u>

## III.  DISCUSSION

**A.  Time Deadline For Appeal:  The Jurisdictional/Claim-Processing Rule Dichotomy**

In <u>Hamer</u>, the Supreme Court considered whether the maximum time a court may extend an appeal deadline in FRAP(4)(a)(5)(C), in a case in which the appellant received timely notice of the judgment or order appealed from, was a jurisdictional requirement or a mandatory claim-processing rule that was subject to waiver or forfeiture.

Section 2107 of title 28 and FRAP (4)(a)(1) state that in a civil case, the notice of appeal must be filed within 30 days after entry of the judgment or order appealed from. FRAP(4)(a)(5) addresses the time deadlines for extending the 30-day period by motion:

(5) Motion for Extension of Time.

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

-4-

In a unanimous decision, the Hamer court held that FRAP(4)(a)(5)(C), which limits the length of any extension, was a mandatory claim-processing rule because the time limit arises from a rule, in contrast to a non-waivable and non-forfeitable jurisdictional requirement arising from a statute. The court emphasized:

> Only Congress may determine a lower federal court's subject-matter jurisdiction. Accordingly, a provision governing the time to appeal in a civil action qualifies as jurisdictional only if Congress sets the time. A time limit not prescribed by Congress ranks as a mandatory claim-processing rule, serving to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.

138 S. Ct. at 17 (citations and internal quotation marks omitted).

The court further noted that the distinction between a jurisdictional rule and a claim-processing rule is "critical" because "[f]ailure to comply with a jurisdictional time prescription . . . deprives a court of adjudicatory authority over the case, necessitating dismissal—a 'drastic' result." Id. However, "[m]andatory claim-processing rules are less stern. If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited." Id. at 17-18 (citing Manrique v. United States, 581 U.S. ----, ----, 137 S. Ct. 1266, 1271-1272 (2017)). The Hamer court reserved the issue whether mandatory claim-processing rules may be subject to equitable exceptions. Id. at 18 n.3 (citing Kontrick v. Ryan, 540 U.S. 443, 457 (2004)).

Hamer follows a line of Supreme Court cases which have considered anew the historical use of the term "jurisdictional"

-5-

in connection with time deadlines set forth in statutes versus procedural rules. The Supreme Court's precedent, including Hamer, shapes a rule of decision that is both clear and easy to apply: "If a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional; otherwise the time specification fits within the claim-processing category." Hamer, 138 S. Ct. at 20 (citations omitted); cf. Kontrick, 540 U.S. 443 (finding Rule 4004 which sets the time within which an objection to a debtor's discharge must be filed, is not a jurisdictional requirement despite its "inflexible," "unalterable" nature); Eberhart v. United States, 546 U.S. 12 (2005) (holding that the time limit and extension requirements set forth in Federal Rules of Criminal Procedure 33 and 45 are claim-processing rules and nonjurisdictional).

In cases not involving the timebound transfer of adjudicatory authority from one Article III court to another, the Supreme Court has applied the clear-statement rule: "A rule is jurisdictional '[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional.'" Hamer, 138 S. Ct. at 20 n.9 (citing Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 515 (2006)). Accordingly, we must examine whether there is any clear indication that Congress wanted the 14-day time deadline to file a notice of appeal in Rule 8002(a) to be jurisdictional. Although Congress's intent must be clear, it need not be explicit. Hamer, 138 S. Ct. at 20 n.9 (citing Sebelius v. Auburn Regional Med. Ctr., 568 U.S. 145, 153 (2013).

When applying the clear statement rule, the Supreme Court reminds us that "'most [statutory] time bars are nonjurisdictional.'" Hamer, 138 S. Ct. at 20 n.9 (alteration in original) (quoting United States v. Kwai Fun Wong, 575 U.S. ----, ----, 135 S. Ct. 1625, 1632 (2015)).

In Henderson v. Shinseki, the Supreme Court also observed that the statute/rule distinction is not quite that simple to apply because Congress is free to attach the conditions that go with the jurisdictional label to a deadline that the Court would normally consider a claim-processing rule. 562 U.S. 428, 435 (2011) (citing Bowles v. Russell, 551 U.S. 205, 209-210 (2007)). The Court stated that in determining whether Congress intended a particular provision to be jurisdictional, "[c]ontext, including this Court's interpretation of similar provisions in many years past, is relevant. When a long line of this Court's decisions left undisturbed by Congress has treated a similar requirement as jurisdictional, we will presume that Congress intended to follow that course." Henderson, 562 U.S. at 436 (citations and internal quotation marks omitted); see also Sebelius, 568 U.S. at 153-154 (quoting Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 168 (2010), for the same proposition).

**B. Analysis**

Mindful of these guidelines and the Supreme Court's caution against reckless use of the term "jurisdictional," we turn to 28 U.S.C. § 158, which governs bankruptcy appeals. In that statute, Congress gave jurisdiction to the district court in subsection (a), and this Panel in subsection (b), to hear appeals from bankruptcy court decisions. Embedded within these

jurisdictional grants at subsection (c)(2), the statute provides:

> An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.

Rule 8002(a), in turn, says that the notice of appeal must be filed within 14 days after entry of the judgment, order, or decree being appealed.

"To determine whether Congress has made the necessary clear statement, we examine the text, context, and relevant historical treatment of the provision at issue." Duggan v. Comm'r of Internal Revenue, 879 F.3d 1029, 1032 (9th Cir. 2018) (citing Musacchio v. United States, --- U.S. ----, 136 S. Ct. 709, 717 (2016)). Here, examination of these factors shows that the 14-day time deadline in Rule 8002(a) which is incorporated into 28 U.S.C. § 158(c)(2) is a jurisdictional requirement.

First, the historical treatment of the taking of an appeal indicates that the 14-day time limit is jurisdictional. The Supreme Court has always said without exception that procedural conditions for appealing a case from one Article III court to another are jurisdictional. "When an appeal is 'not taken within the time prescribed by law,' the 'Court of Appeals [is] without jurisdiction.'" Gonzalez, 565 U.S. at 159 (Scalia, J., dissenting) (citing George v. Victor Talking Machine Co., 293 U.S. 377, 379 (1934); United States v. Robinson, 361 U.S. 220, 229–230 (1960)).

For decades, the Ninth Circuit has consistently construed the time deadline in Rule 8002(a) for appeals from a

-8-

non-Article III court in accordance with this precedent.  The district court in In re Melcher, No. 3:16-cv-05982-WHA, 2017 WL 1175590, at \*2-3 (N.D. Cal. Mar. 29, 2017), briefly summarized the history of the Ninth Circuit's application of the time deadline in Rule 8002(a):

> As our court of appeals explained in [Gough v. Wells Fargo Bank (In re Best Distribution Co.)], 576 F.2d 1360 (9th Cir. 1978), prior to 1938, petitions for review from bankruptcy orders had to be filed within a "reasonable time" unless local rules provided a specific period.  In 1938, however, Section 39(c) of the Bankruptcy Act set forth a 10-day time limit for the filing of such petitions "to provide a uniform degree of finality to orders of bankruptcy judges." Id. at 1362.  In interpreting the 10-day time limit, "the circuits divided on whether the limitation merely restricted the right to file petitions for review, or whether it also restricted the district courts' discretionary power to entertain late petitions."  Id. at 1362–63.  In 1942, the Supreme Court held that Congress had expressed no intention, by enacting Section 39(c), to limit the traditional discretion of district courts in this area.  Id. at 1363 (citing Pfister v. N. Ill. Fin. Corp., 317 U.S. 144, 152–53 (1942)).  "Dissatisfied with the lack of finality that accompanied the discretionary power to entertain late petitions, Congress amended [Section 39(c)] in 1960 for the specific purpose of legislatively overruling Pfister."  Ibid. (citing [Shannon v. Benefiel (In re Benefiel)], 500 F.2d 1219, 1220–21 (9th Cir. 1974)). Subsequent decisions by our court of appeals therefore "strictly construed and compulsorily applied" the 10-day limitation "to negate the discretion afforded the reviewing court" under Pfister, holding that untimely notice of appeal from the bankruptcy court deprived the reviewing district court of jurisdiction. Id. at 1363–64.
>
> In 1973, Federal Rule of Bankruptcy Procedure 802 superseded Section 39(c).  Id. at 1364; [Headlee v. Ferrous Fin. Servs. (In re Butler's Tire & Battery Co., Inc.)], 592 F.2d 1028, 1030 (9th Cir. 1979). Although [Rule] 802 carried forward the 10-day time limit from Section 39(c), it otherwise paralleled [FRAP] 4(a).[3]  Butler's Tire & Battery, 592 F.2d at

---

[3] The Advisory Committee Note to Rule 8002(a) states that
(continued...)

-9-

1031.  Our court of appeals thus declined in <u>Butler's Tire & Battery</u> to rely on decisions construing Section 39(c), including <u>[In re] Best Distribution</u>, in construing [Rule] 802.  <u>Id.</u> at 1030-31.  Nonetheless, after applying [Rule] 802 with the guidance of case law concerning FRAP 4(a) and its predecessor, Federal Rule of Civil Procedure 73(a), our court of appeals again concluded that untimely notice of appeal from the bankruptcy court deprived the district court of jurisdiction.  <u>Id.</u> at 1034.  This conclusion comported with well-established precedent holding that FRAP 4(a)'s time period for filing a notice of appeal is also "mandatory and jurisdictional."  <u>See, e.g.</u>, <u>Pettibone v. Cupp</u>, 666 F.2d 333, 334 (9th Cir. 1981) (citing <u>Browder v. Dir., Dept. of Corr. of Ill.</u>, 434 U.S. 257, 264 (1978), <u>superseded in part by statute on other grounds as recognized in</u> <u>Ukawabutu v. Morton</u>, 997 F. Supp. 605, 608 (D.N.J. 1998)).

Although <u>Butler's Tire & Battery</u> recognized the limited scope of past decisions construing Section 39(c), the underlying principle of those decisions—that untimely filing of a notice of appeal from the bankruptcy court is jurisdictional—remained instructive to subsequent decisions applying [Rule] 802 and its successors.  For example, <u>[Ramsey v. Ramsey (In re Ramsey)]</u>, 612 F.2d 1220 (9th Cir. 1980), which cited <u>Butler's Tire & Battery</u> for the principle that "untimely notice deprives the district court of jurisdiction to review the bankruptcy court's order or judgment," also cited <u>Butler's Tire & Battery</u>, <u>[In re] Best Distribution</u>, and other decisions dealing with Section 39(c) for the proposition that our court of appeals "has strictly construed and compulsorily applied the ten-day requirement."  <u>Id.</u> at 1222.  And <u>[Greene v. United States (In re Souza)]</u>, 795 F.2d 855 (9th Cir. 1986)—applying FRBP 8002, the "virtually identical" successor to FRBP 802—in turn cited <u>Ramsey</u> for the principle that "untimely filing of the notice

<hr/>

³(...continued)
the rule is an "adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure."  This Note is admittedly the product of the Advisory Committee and not Congress and thus would not meet the clear statement requirement.  Nonetheless, it helps explain the historical treatment of the time deadline in Rule 8002(a) as a mandatory and jurisdictional requirement in this Circuit.  The 30-day time limit for taking an appeal contained in 28 U.S.C. § 2107 and FRAP 4(a) has always been held to be mandatory and jurisdictional.  <u>Browder v. Dir., Dep't of Corrs. of Ill.</u>, 434 U.S. 257, 264 (1978); <u>U.S. v. Sadler</u>, 480 F.3d 932, 937 (9th Cir. 2007).

of appeal is jurisdictional." Id. at 857. In both Ramsey and Souza, our court of appeals concluded that untimely notice of appeal from the bankruptcy court deprived the district court of jurisdiction.

In [Anderson v. Mouradick (In re Mouradick)], our court of appeals cited both Ramsey and Souza, among other decisions, for the same core principle that "[t]he provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." 13 F.3d [326, 327 (9th Cir. 1994)]. But Mouradick also noted that "[s]upport for this admittedly harsh result is found in the cases interpreting [FRAP 4(a)], the analog to [Rule 8002]," and reiterated that the provisions of the former are "mandatory and jurisdictional." Id. at 328. **In short, whether by carrying forward the approach of strict construction and compulsory application from the days of Section 39(c) or by analogy to FRAP 4(a), our court of appeals has consistently held that the time limit for filing a notice of appeal from the bankruptcy court is mandatory and jurisdictional**.

This strict construction, which had persevered through the evolution from Section 39(c) to [Rule] 802 to [Rule] 8002, also survived a 2009 amendment to [Rule] 8002 that changed the 10-day period to a 14-day period. See Advisory Committee Notes to [Rule] 8002. Thus, in 2016, our court of appeals in Ozenne [v. Chase Manhattan Bank (In re Ozenne)] cited Mouradick for the proposition that the "mandatory and jurisdictional" deadline to file an appeal "also applies to federal bankruptcy appeals." 841 F.3d [810, 814 (9th Cir. 2016)].

In re Melcher, No. 3:16-cv-05982-WHA, 2017 WL 1175590, at *2-3

(N.D. Cal. Mar. 29, 2017) (emphasis added).

We are bound to follow the Ninth Circuit's strict construction and compulsory application of the time limit for filing notices of bankruptcy appeals under Rule 8002(a) unless and until its rulings are overruled by statute, the Ninth Circuit sitting en banc, or by the Supreme Court. See United States v. Gonzalez-Zotelo, 556 F.3d 736, 740-41 (9th Cir. 2009) ("The district court, like this panel, was bound to follow the

-11-

reasoning of [prior Ninth Circuit precedent] unless it had been effectively overruled or was clearly irreconcilable with a case from the relevant court of last resort."). Further, the Supreme Court has noted that "[c]onsiderations of stare decisis have special force in the area of statutory interpretation, for here, . . . , the legislative power is implicated, and Congress remains free to alter what we have done." Hilton v. S. Carolina Pub. Rys. Comm'n, 502 U.S. 197, 202 (1991). Congress has had decades to change the Ninth Circuit's treatment of the time deadline in 28 U.S.C. § 158(c)(2) and Rule 8002(a) as jurisdictional and has not done so.[4]

In the end, there is nothing in Hamer that gives us a reason to reexamine the Ninth Circuit's longstanding construction of the time deadline in Rule 8002(a). The Hamer decision did not refer to 28 U.S.C. § 158(c)(2) or Rule 8002(a). At issue in Hamer was FRAP 4(a)(5)(C), which involved the district court's extension of the deadline to file a notice of appeal beyond the extension limitation set forth in the rule. In contrast, 28 U.S.C. § 158(c)(2) involves the timing of the filing of a notice of appeal traditionally viewed as an event of jurisdictional significance. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers

---

[4] Our circuit is aligned with the holdings of the other circuits which have also held that the 14-day time limit in 28 U.S.C. § 158(c)(2) and Rule 8002(a) is jurisdictional. In re Jackson, __ B.R. __, 2018 WL 2172693, at *3 n.7 (6th Cir. BAP May 11, 2018) (citing cases from the 1st, 2nd, 3rd, 4th, 5th, 7th, 10th, and 11th circuits which have found the time deadline in Rule 8002(a) jurisdictional).

jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Context thus confirms that the 14-day time deadline imposes a jurisdictional limit.

Moreover, here, unlike Hamer, there is a statutory basis for applying the 14-day time deadline in Rule 8002(a) to appeals from a bankruptcy court's decision to this Panel. The statutory language in 28 U.S.C. § 158(c)(2) directs us towards a jurisdictional conclusion in a couple of ways.

First, a fair interpretation of 28 U.S.C. § 158(c)(2)'s language "in the time provided by Rule 8002(a)" is that Rule 8002(a) implements a congressionally mandated "built-in time constraint" even though there is no specified time period in the statute. In Kontrick, the Supreme Court placed significant emphasis on the fact that certain statutory provisions governing bankruptcy courts contain built-in time constraints, while others do not. 540 U.S. at 453. As an example of a statute with a built-in time contraint, the Supreme Court cited 28 U.S.C. § 157(c)(1) which addresses de novo district court review of bankruptcy court findings and conclusions in noncore proceedings. That provision confines review to "matters to which any party has timely and specifically objected." 540 U.S. at 453. Although the statute did not spell out what was a timely objection, the Supreme Court found this "timeliness condition" was the sort of "built-in time constraint" that was jurisdictional. Id.

Like 28 U.S.C. § 157(c)(1), 28 U.S.C. § 158(c)(2) does not specify a time limit for appealing to the district court or this

-13-

Panel. Yet it does contain a timeliness condition by the language "in the time provided by Rule 8002(a)." This is the sort of "built-in time constraint" that makes the time deadline contained in the rule jurisdictional. See Smith v. Gartley (In re Berman–Smith), 737 F.3d 997, 1003 (5th Cir. 2013) (28 U.S.C. § 158 "expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002, [and] we conclude that the time limit is jurisdictional"); In re Caterbone, 640 F.3d 108, 112 (3d Cir. 2011) ("[E]ven though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and non-waivable."); Emann v. Latture (In re Latture), 605 F.3d 830, 837 (10th Cir. 2010) ("Congress did explicitly include a timeliness condition in 28 U.S.C. § 158(c)(2)—the requirement that a notice of appeal be filed within the time provided by Rule 8002(a)"); see also Hatch Jacobs, LLC v. Kingsley Capital, Inc. (In re Kingsley Capital, Inc.), 423 B.R. 344, 351 (10th Cir. BAP 2010) ("[A]bsent controlling precedent indicating that the statute must specifically set the time parameters, this [c]ourt will continue to treat the timely filing of a notice of appeal pursuant to [28 U.S.C.] § 158(c)(2) and Rule 8002 to be a jurisdictional requirement that cannot be waived."); but see In re Shah, 546 B.R. 398 (Bankr. E.D. Wis. 2016) (Congress's reference to Rule 8002(a) shows that it implicitly delegated the authority to set the appeal deadline in bankruptcy cases to the Supreme Court, suggesting that the time deadline is a claim-processing rule). Although many of the foregoing cases cited

-14-

were issued before 2017, they apply the cases and rules of interpretation used in Hamer.

Second, 28 U.S.C. § 158(c)(2) plainly states that appeals to the district court and this Panel "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." The time for taking an appeal in a civil case to the court of appeal from the district court has long been understood to be jurisdictional. See Henderson, 562 U.S. at 438-39; see also In re Jackson, __ B.R. __, 2018 WL 2172693, at *6-7. Therefore, a natural reading of this language is consistent with the jurisdictional conclusion embraced by the Ninth Circuit.

Finally, although public policy considerations do not hold much weight in statutory construction endeavors, public policy guides us toward a result which is consistent with what the statutory construction of 28 U.S.C. § 158(c)(2) dictates. A strict construction of the 14-day time deadline for appeals from a bankruptcy court is consistent with the broader policies underlying the Bankruptcy Code. Time deadlines in bankruptcy are abundant and require all parties in interest to move swiftly so that estates can be administered and distributions can be made within a reasonable time. A strict time deadline for filing an appeal from a bankruptcy court's decision advances the interests of the parties by wrapping up the bankruptcy case in a timely manner and giving finality to the entire process. Accordingly, there is a legitimate policy interest embodied in a strict time deadline for appeals from a bankruptcy court's decision. See generally In re Jackson, __ B.R __, 2018 WL

2172693, at *7-8 (noting that the time-value of money and the depreciation of assets are benefitted by the quick appeals deadlines and the ability to make future financial decisions based on the finality of court determinations).

In sum, applying the bright line rule for transfer of adjudicatory authority between Article III courts articulated by the Supreme Court in Hamer—statutory deadlines are jurisdictional, non-statutory deadlines are not—suggests that the 14-day time deadline specified in Rule 8002(a) is a mandatory claim-processing rule subject to waiver.  However, at the end of the day, the time deadline is incorporated in 28 U.S.C. § 158(c)(2) by reference to "in the time provided by Rule 8002" and has been consistently construed by the Ninth Circuit as a jurisdictional requirement.  We thus conclude that the 14-day time deadline in Rule 8002(a) is a jurisdictional requirement that acts as an immutable constraint on our authority to consider and hear appeals.  See Bowles, 551 U.S. at 214 (noting that a court has no authority to create equitable exceptions to jurisdictional requirements).  Although enforcement of the time deadline leads to a harsh result, we are still obliged to enforce it.

**C.  Excusable Neglect**

In her December 4, 2017, response to the Panel's notice regarding the timeliness of this appeal, Ms. Wilkins sought an extension of time to appeal pursuant to Rule 8002(d)(1)(B). Rule 8002(d)(1) permits the bankruptcy court to extend the time to file a notice of appeal upon a motion filed within 21 days after the 14-day appeal deadline expired (or 35 days after the

entry of the order being appealed) if the party shows excusable neglect.

Ms. Wilkins' request was made 42 days after entry of the last orders she is seeking to appeal, beyond the deadline established by Rule 8002(d)(1). Appellees promptly objected to appellant's excusable neglect request, the chapter 7 trustee within two days and SFT within nine days. Regardless whether the deadline to seek an extension for excusable neglect is a jurisdictional time bar or a claim-processing rule, Ms. Wilkins failed to comply with the requirements to seek such an extension and SFT promptly objected to her attempt. Therefore, the request for an extension of the deadline to appeal fails.

### IV. CONCLUSION

For the reasons discussed above, we DISMISS Ms. Wilkins' untimely filed appeals in BAP Nos. CC-17-1335, CC-17-1337, and CC-17-1346 for lack of jurisdiction.