FILED

NOV 15 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION



## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. AZ-17-1047-TaBKu |
| | BAP No. AZ-18-1093-TaBKu |
| ALAN M. BARTLETT AND LUZ MARINA | BAP No. AZ-18-1096-TaBKu |
| BARTLETT-MORAN, | (Related Appeals) |
| Debtors. | Bk. No. 2:00-bk-11770-MCW |
| ALAN M. BARTLETT, | Adv. No. 2:01-ap-01276-MCW |
| | Adv. No. 2:01-ap-00059-MCW |
| Appellant, | |
| v. | |
| DAVID A. BIRDSELL, CHAPTER 7 TRUSTEE; | MEMORANDUM* |
| CITIBANK, SOUTH DAKOTA, N.A., | |
| Appellees. | |

Argued and Submitted on October 25, 2018
at Seattle, WA

Filed – November 15, 2018

Appeal from the United States Bankruptcy Court
for the District of Arizona

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Madeline Carmel Wanslee, Bankruptcy Judge, Presiding

––––––––

Appearances:     Appellant Alan M. Bartlett argued pro se.

––––––––

Before: TAYLOR, BRAND, and KURTZ, Bankruptcy Judges.


**INTRODUCTION**

Alan Bartlett ("Bartlett") and Luz Marina Bartlett-Moran (collectively, "Debtors") filed a chapter 7[1] petition in 2000 but failed to obtain a discharge of their debts. Citibank, South Dakota, N.A. ("Citibank") obtained a nondischargeability judgment by default. And the chapter 7 trustee later obtained a default judgment revoking Debtors' discharge of all debt. Debtors did not appeal from either default judgment, and nothing happened in the closed chapter 7 case for well over a decade.

In 2016, Bartlett sought to reopen the case to "enforce" the discharge. The bankruptcy court denied the motion, and Bartlett appealed. He later filed notices of appeal of the default judgments. But those appeals are untimely and we, accordingly, lack jurisdiction over the adversary proceeding judgments. And as for Bartlett's motion to reopen, he fails to provide us with a record adequate to review the bankruptcy court's

––––––––

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

decision. Accordingly, we DISMISS BAP Nos. AZ-18-1093 and AZ-18-1096 for lack of jurisdiction and SUMMARILY AFFIRM in BAP No. AZ-17-1047.

**FACTS**[2]

Debtors filed a chapter 7 petition in 2000. Citibank subsequently filed a complaint to render its claim nondischargeable under § 523(a)(2)(A). The bankruptcy court later entered a default judgment in Citibank's favor.

The bankruptcy court's docket[3] reflects that, although Debtors initially received a discharge and their case was closed, the Trustee later withdrew his no-asset report and obtained an order reopening the Debtors' bankruptcy case. The Trustee then filed a complaint seeking turnover of Debtors' 2000 tax returns and any refunds or, in the alternative, revocation of their discharge. In 2002, the bankruptcy court entered a separate judgment revoking Debtors' discharge.

The bankruptcy court's docket[4] reflects that thereafter the Trustee entered a second report of no distribution, and the bankruptcy court closed the case.

Over a decade later, in November 2016, Bartlett filed a motion that

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Bartlett did not provide a copy of the relevant documents, and they are not available through CM/ECF.

[4] Again, Bartlett did not provide a copy of the relevant documents and they are not available through CM/ECF.

the bankruptcy court later construed as a motion to reopen. He also filed a variety of motions "for Summary Judgment" and "to Approve Enforcement of Bankruptcy Injunction." Later, he filed a motion more clearly seeking to reopen his 2000 bankruptcy and requesting enforcement of his alleged discharge injunction.

After a hearing, the bankruptcy court entered a signed minute order denying the motion to reopen for the reasons stated on the record. Bartlett timely appealed. Later, he also filed notices of appeal in the two adversary proceedings.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (H), and (I). We consider our jurisdiction below.

## ISSUES

Whether we have jurisdiction to review the adversary proceeding judgments.

Whether the bankruptcy court abused its discretion when it denied Bartlett's motion to reopen the bankruptcy case.

## STANDARD OF REVIEW

We review our own jurisdiction de novo. *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677 (9th Cir. BAP 2014). We review the denial of a motion to reopen a bankruptcy case for abuse of discretion. *Staffer v. Predovich (In re Staffer)*, 306 F.3d 967, 971 (9th Cir. 2002).

4

Bartlett filed three appeals; he discussed them all in one opening brief; we liberally construe his pro se submission. *See Cruz v. Stein Strauss Trust # 1361 (In re Cruz)*, 516 B.R. 594, 604 (9th Cir. BAP 2014). We, similarly, address the appeals jointly.

**BAP Nos. AZ-18-1093 & AZ-18-1096: We lack jurisdiction over the adversary proceeding judgments.** Our jurisdiction to hear appeals is found in 28 U.S.C. § 158. In relevant part, it states that an appeal must be taken "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Rule 8002, in turn, provides that a notice of appeal must be filed within 14 days of entry of the judgment. Fed. R. Bankr. P. 8002(a)(1). This 14-day timeline is a jurisdictional requirement. *Wilkins v. Menchaca (In re Wilkins)*, 587 B.R. 97, 107 (9th Cir. BAP 2018).

Here, the bankruptcy court entered judgment in Citibank's adversary proceeding in 2001 and in the Trustee's adversary proceeding in 2002. Bartlett filed his notices of appeal in 2018. We, accordingly, lack jurisdiction to review the judgments.[5] Accordingly, we **dismiss** BAP Nos. AZ-18-1093 & AZ-18-1096 for lack of jurisdiction.

**BAP No. AZ-17-1047: We lack jurisdiction over the November 2002 order reopening the bankruptcy case; we otherwise summarily affirm the**

---

[5] On appeal, Bartlett argues that the judgments are void because the complaints were not properly served. Even if true, his remedy is not an appeal.

**bankruptcy court's order.** In his notice of appeal, Bartlett states that he is appealing the "revocation of discharge and [the] denial of motion for summary judgment seeking redress for post-discharge injunction violations[.]" But we have already concluded that we lack jurisdiction over the judgment revoking his discharge.

In his opening brief, Bartlett does not discuss the denial of his motions for summary judgment, much less argue that the bankruptcy court erred in doing so. As a result, we deem any argument about that decision waived. *Padgett v. Wright*, 587 F.3d 983, 986 n.2 (9th Cir. 2009) (per curiam) (appellate courts "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief").

Instead, the only argument Bartlett makes in his opening brief about the administration of his main bankruptcy case concerns the November 2001 reopening of his bankruptcy case: he contends the bankruptcy court abused its discretion in doing so. But, for the same reasons articulated above, we lack jurisdiction over that order because the notice of appeal was not timely as to that order.

Bartlett's notice of appeal was timely filed only as to the bankruptcy court's order on Bartlett's 2016 motion to reopen. We thus have jurisdiction under 28 U.S.C. § 158 in this singular context.

That said, the bankruptcy court's minute order denying Bartlett's

6

motion to reopen incorporated oral findings of fact and conclusions of law made on the record at the hearing. If a bankruptcy court makes its findings of facts and conclusions of law on the record, the appellant must include the transcript as part of the excerpts of record. *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 416–17 (9th Cir. BAP 1999). Here, Bartlett elected not to obtain a transcript.[6] Nor can we find a copy of the transcript on the bankruptcy court's docket. We, thus, cannot meaningfully or adequately review the bankruptcy court's order denying the motion to reopen and determining that the other motions were moot. *Ehrenberg v. Cal. State Univ., Fullerton Found. (In re Beachport Entm't)*, 396 F.3d 1083, 1087–88 (9th Cir. 2005); *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1189 (9th Cir. 2003) (failing to provide a critical transcript may result in summary affirmance). As a result, we may and do summarily affirm.

And, as noted, Bartlett's opening brief addresses the bankruptcy court's 2001 decision to reopen the bankruptcy case; he does not argue that the bankruptcy court erred when it denied his 2016 motion to reopen. As a result, we deem any argument about the 2016 decision waived. *Padgett*, 587 F.3d at 986 n.2.

---

[6] Post-appeal, the United States District Court for the District of Arizona granted Bartlett's motion to proceed in forma pauperis on appeal. *See* BAP No. AZ-17-1047, Dkt. No. 16. Bartlett then asked the bankruptcy court to certify that the appeal was not frivolous, but presents a substantial question, so the United States would pay for preparation of the transcripts. Bk. Case No. 2:00-bk-11770-MCW, Dkt. Nos. 97 and 98. The bankruptcy court found that the appeal was frivolous and denied the requested certification. Bk. Case No. 2:00-bk-11770-MCW, Dkt. No. 106.

## CONCLUSION

Based on the foregoing, we DISMISS BAP Nos. AZ-18-1093 and AZ-18-1096 for lack of jurisdiction and SUMMARILY AFFIRM in BAP No. AZ-17-1047.