

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT

|  |  |
|---|---|
| In re: PSG MORTGAGE LENDING CORP., A DELAWARE CORPORATION, Debtor. | BAP No. NC-22-1065-GBS Bk. No. 21-30592 Adv. No. 21-03065 |
| LUKE BRUGNARA, Appellant, v. PSG MORTGAGE LENDING CORP, A DELAWARE CORPORATION; PAUL GREENFIELD; DAKOTA NOTE, LLC; DAKOTA LP, Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Dennis Montali, Bankruptcy Judge, Presiding

Before: GAN, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Appellant Luke Brugnara appeals the bankruptcy court's summary judgment in favor of PSG Capital Partners, Inc., Paul Greenfield, Dakota Note, LLC (erroneously named Dakota LP) ("Dakota Note"), John DeVito,

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Philip Fusco, and California Home Loans, in an adversary proceeding originally filed by Brugnara in state court and subsequently removed to the bankruptcy court by chapter 11[1] debtor, PSG Mortgage Lending Corp. ("Debtor"). Brugnara also appeals the court's denial of his motion for remand.

Central to Brugnara's adversary complaint is real property located on Sea Cliff Avenue in San Francisco, California ("Sea Cliff"), which has been the subject of numerous prior bankruptcies and adversary proceedings. Brugnara Properties VI ("BPVI") owned Sea Cliff until Debtor's predecessor, PSG Capital Partners, Inc., obtained title through a nonjudicial foreclosure after the bankruptcy court lifted the stay in BPVI's most recent bankruptcy case.

In the present adversary proceeding, Brugnara makes the same allegations BPVI previously made in BPVI's bankruptcy case. Because the prior actions were settled and dismissed with prejudice by the chapter 7 trustee, the bankruptcy court applied claim preclusion and granted summary judgment against Brugnara.

On appeal, Brugnara makes no argument relative to the bankruptcy court's application of claim preclusion, its grant of summary judgment, or its decision to deny the motion to remand. Instead, he attempts to argue the

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

2

merits of an order entered in a separate adversary proceeding. That order is not part of this appeal, and we lack jurisdiction to review it. Brugnara does not demonstrate error in the orders which are properly before us, and we discern no error by the bankruptcy court. We AFFIRM.

## FACTS[2]

### A. BPVI's prior adversary proceedings

BPVI filed a chapter 11 case in May 2017. Its principal asset was Sea Cliff. Brugnara was president of BPVI, but at the time of the petition, he was incarcerated and his wife, Katherine ("Kay") Brugnara, was serving as president of BPVI. Brugnara remained active in the BPVI case.

BPVI commenced multiple adversary proceedings, including *Brugnara Properties VI v. PSG Capital Partners, Philip Fusco, and John DeVito*, Case No. 17-03048-DM (the "PSG AP") and *Brugnara Properties VI v. Dakota Note, LLC, Arick D. Amspacker, Paul Greenfield, and California Home Loans*, Case No. 17-03049-DM (the "Dakota Note AP"). In the PSG AP, BPVI asserted claims for breach of contract and intentional misrepresentation against secured creditor PSG Capital Partners, Inc. In the Dakota Note AP,

---

[2] Debtor did not file excerpts of record or transcripts of the relevant hearings as required by Rules 8009 and 8018. An appellant's failure to provide a record sufficient to permit us to conduct an informed review of the bankruptcy court's decision is grounds for dismissal or affirmance for inability to demonstrate error. *See Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 393 (9th Cir. BAP 2004), *aff'd* 170 F. App'x 457 (9th Cir. 2006); *Hall v. Whitley*, 935 F.2d 164, 165 (9th Cir. 1991); *California v. Yun (In re Yun)*, 476 B.R. 243, 251 (9th Cir. BAP 2012). However, we exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

BPVI asserted claims for breach of contract, intentional misrepresentation, unfair business practices, and loss of business opportunity against Dakota Note, Paul Greenfield, and other secured creditors.

The bankruptcy court appointed a chapter 11 trustee and ultimately converted the case to chapter 7 in April 2018. The chapter 7 trustee doubted the viability of the PSG AP and agreed to accept $20,000 from the defendants in exchange for dismissing the complaint with prejudice. The bankruptcy court approved the settlement over the objections of BPVI and Kay Brugnara. The chapter 7 trustee similarly believed that the Dakota Note AP offered little probability of success and agreed to dismiss the complaint with prejudice in exchange for a $25,000 payment and a $25,000 advance. No party objected, and the bankruptcy court approved the trustee's settlement.

After an unsuccessful attempt to sell Sea Cliff, the chapter 7 trustee stipulated to stay relief, and in August 2020, junior creditor PSG Capital Partners took title through a nonjudicial foreclosure.

**B.     Debtor's bankruptcy and Brugnara's removed state court action**

In 2021, PSG Capital Partners transferred Sea Cliff to Debtor. Debtor filed a chapter 11 petition on August 25, 2021, and scheduled Sea Cliff as its sole asset. Greenfield held a second position lien against the property and Dakota Note held a third position lien.

In December 2021, Debtor filed a notice to remove a pending state court action filed by Brugnara to the bankruptcy court pursuant to 28

U.S.C. § 1452 and Rule 9027. Debtor suggested that removal was warranted because the state court complaint involved Brugnara's claim to quiet title to Sea Cliff which was property of the estate and under the bankruptcy court's exclusive jurisdiction.

In the state court complaint, Brugnara asserted claims in his individual capacity for fraud, unfair business practices, unconscionable loans, and usury against "Paul Greenfield, CHL, Dakota LP, PSG Capital, Fusco, DeVito, Galindo Donati"[3] based on loans made to "[Brugnara's] family" and secured by Sea Cliff. Brugnara also sought to quiet title to Sea Cliff based on his claim that he was the "equitable title owner" of the property, and he sought to remove all liens based on allegations that the loans were illegal under California law.

Brugnara filed a motion to remand the case and argued that the named defendants were not in bankruptcy, none of the asserted causes of action involved any prior rulings from the bankruptcy court, and the complaint involved only issues of state law.

In opposition, Debtor argued that the claims were related to property of the estate, and challenges to liens secured by property of the estate were core proceedings within the bankruptcy court's jurisdiction. Debtor maintained the case should not be remanded because it did not involve

---

[3] The bankruptcy court determined that "CHL" was "California Home Loans," "Dakota LP" was "Dakota Note, LLC," "Fusco" was "Philip Fusco," and "DeVito" was "John DeVito."

5

difficult or unsettled legal issues, there was no related proceeding in state court, and no party would be prejudiced.

Greenfield and Dakota Note joined Debtor's opposition to Brugnara's motion for remand. Greenfield noted that the bankruptcy court had presided over four bankruptcy cases commenced by the Brugnaras—each involving Sea Cliff as the debtor's sole asset—and the court was uniquely situated to efficiently review the asserted claims.

Prior to Debtor's motion to remand, Greenfield filed a motion for summary judgment. He argued that the defendants were entitled to judgment as a matter of law because Brugnara's claims in the state court complaint were settled by the chapter 7 trustee in the BPVI bankruptcy case, and Brugnara was barred from relitigating those claims under the doctrine of claim preclusion.

Greenfield argued that Brugnara's "new" claim for illegal foreclosure was still predicated on allegations that the underlying loans were illegal and unenforceable, and because enforceability of the liens was decided by the prior settlements, the illegal foreclosure claim was also barred. Greenfield further argued that Brugnara lacked standing to assert claims based on loans to BPVI, secured by BPVI's property.

Debtor joined the motion and argued that any interest Brugnara claimed in Sea Cliff was extinguished under California law by the nonjudicial foreclosure, and thus, his quiet title claim failed as a matter of

6

law. Debtor agreed that the remaining claims were settled by the chapter 7 trustee and could not be relitigated by Brugnara.

In response, Brugnara argued that Debtor's bankruptcy petition was fraudulent and should be dismissed. He also asserted the court was required to abstain under 28 U.S.C. § 1334(c)(2).

## C.    The bankruptcy court's ruling

On February 25, 2022, the bankruptcy court held a hearing on Brugnara's motion to remand and Greenfield's motion for summary judgment. The court entered an order denying Brugnara's motion to remand and granting Greenfield's motion for summary judgment.

The bankruptcy court reasoned that it had exclusive jurisdiction to determine matters concerning property of the estate, and abstaining would create inefficiencies in the present case, the still-pending BPVI bankruptcy case, and the state court. The court noted that Brugnara appeared to be forum shopping by filing the complaint in state court after unfavorable outcomes in the BPVI adversary proceedings.

Turning to the motion for summary judgment, the bankruptcy court applied claim preclusion and ruled that the claims in the complaint, though poorly articulated, were identical to the claims brought by BPVI in the PSG AP and the Dakota Note AP. The court held that the stipulated dismissals with prejudice in the prior adversary proceedings constituted final judgments on the merits, and there was a sufficient identity of interest

between Brugnara and BPVI to bind Brugnara to those dismissals. Brugnara timely appealed.

**D.    Debtor's adversary complaint against the Brugnaras**

On February 25, 2022, Debtor filed an adversary complaint seeking a declaratory judgment that the Brugnaras held no title, right, or interest in Sea Cliff because PSG Capital Partners took title through foreclosure free of any interest they may have held. Debtor filed a motion for summary judgment; neither defendant opposed.

After a hearing on Debtor's motion, the bankruptcy court entered summary judgment in favor of Debtor (the "Declaratory Judgment"). The court held that the undisputed facts showed that the nonjudicial foreclosure by PSG Capital Partners was lawfully conducted under California law and neither Luke nor Kay Brugnara ever personally held title to Sea Cliff. The Brugnaras did not appeal the Declaratory Judgment.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (K). Subject to our discussion below, we have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the court err by denying Brugnara's motion to remand?

Did the court err by granting summary judgment against Brugnara?

8

## STANDARDS OF REVIEW

We review for abuse of discretion a bankruptcy court's decision to deny a motion to remand. *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 416 (9th Cir. BAP 1999). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

We review de novo the bankruptcy court's grant or denial of summary judgment. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). We also review the bankruptcy court's application of claim preclusion de novo. *Alonso v. Summerville (In re Summerville)*, 361 B.R. 133, 139 (9th Cir. BAP 2007). Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. 2014).

## DISCUSSION

On appeal, Brugnara makes no argument that the bankruptcy court erred by denying his motion to remand or by applying claim preclusion to grant summary judgment. Instead, he argues that the court erred by entering the Declaratory Judgment, which he attached to his opening brief.[4]

---

[4] Brugnara argues that the nonjudicial foreclosure by PSG Capital Partners was illegal and unenforceable because the interest rate on the loan was usurious and PSG Capital Partners intentionally sent the notice of the trustee's sale to an incorrect address. Though neither defendant opposed Debtor's motion for summary judgment, the bankruptcy court held that the recorded deed and the recital of compliance with all

Brugnara did not timely file a notice of appeal from the Declaratory Judgment, and we lack jurisdiction to consider it. Because Brugnara's opening brief is focused on the Declaratory Judgment, which he attached, it could constitute an informal notice of appeal. However, Brugnara did not file his opening brief within fourteen days of entry of the Declaratory Judgment as required by Rule 8002(a).[5] We lack jurisdiction to consider an untimely appeal. *Wilkins v. Menchaca (In re Wilkins)*, 587 B.R. 97, 107 (9th Cir. BAP 2018). Consequently, we have jurisdiction to review only the orders denying the motion to remand and the order entering summary judgment in the removed adversary proceeding.

## A.    Brugnara has not demonstrated error by the bankruptcy court in denying remand.

Pursuant to 28 U.S.C. § 1452(b), a bankruptcy court may remand a proceeding removed from state court on "any equitable ground." The remand standard "is an unusually broad grant of authority" and "the question is committed to the sound discretion of the bankruptcy judge." *In re McCarthy*, 230 B.R. at 417. Brugnara makes no argument that the

---

state law requirements were prima facie evidence, under California law, of a properly conducted foreclosure. The affidavit of mailing showed notices were sent by certified mail, and photographic evidence showed that the notice of sale was posted to the door of Sea Cliff. Because neither defendant filed a notice of appeal from the summary judgment, it is final and conclusive.

[5] The bankruptcy court entered the Declaratory Judgment on April 25, 2022. Brugnara filed his opening brief on August 1, 2022.

bankruptcy court erred by denying his motion to remand. He has thus waived the issue. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

The bankruptcy court considered the equitable grounds for remand and reasoned that because each of Brugnara's causes of action was previously decided in the BPVI case, the bankruptcy court was in the best position to efficiently adjudicate the proceeding. The court noted that the complaint was deeply interrelated with both the underlying bankruptcy case and the BPVI bankruptcy case and held that it would not be feasible to partially remand the case for determination by a state court which would necessarily be required to interpret the bankruptcy court's orders. The bankruptcy court properly considered the equitable grounds for remand and did not abuse its discretion by denying the motion to remand.[6]

---

[6] Notwithstanding the bankruptcy court's broad discretion to equitably remand under 28 U.S.C. § 1452(b), we questioned at oral argument whether the notice of removal filed by Debtor—who was neither named nor served in the state court action—was sufficient to confer jurisdiction on the bankruptcy court. *See* 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action . . . to the district court . . . if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."). In response to our request for supplemental briefing, Debtor and Dakota Note cited authorities holding that a successor or real party in interest may remove a state court action as a "party." Though we remain skeptical that Debtor had authority to remove the action, we find no binding precedent to the contrary. Moreover, even if Debtor was not a "party," it remains unclear whether such a defect would necessarily deprive the court of jurisdiction where the action clearly falls within the bankruptcy court's subject matter jurisdiction under 28 U.S.C. § 1334. Given the unsettled nature of these questions, and Debtor's failure to raise any argument about the bankruptcy court's denial of remand—even after our specific request for supplemental briefing—we do not address the issue. *See Pierce v. Multnomah Cnty.*, 76 F.3d 1032, 1037 n.3 (9th Cir. 1996) (issues not supported by argument in pro se brief are deemed abandoned); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued

**B. The bankruptcy court did not err by granting summary judgment based on claim preclusion.**

Brugnara again fails to make any argument relevant to the bankruptcy court's application of claim preclusion or its decision to grant summary judgment, and he has waived these issues as well. *See Smith*, 194 F.3d at 1052. Again, we perceive no error.

Summary judgment was appropriate here because claim preclusion establishes that the defendants were entitled to judgment as a matter of law. Claim preclusion prohibits relitigation of "any claims that were raised or could have been raised" in a prior action between the same parties or their privies. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). It requires: (1) an identity of claims; (2) a final judgment on the merits; and (3) the same parties or privity between parties. *Id.* at 713.

Brugnara's claims for fraud, unfair business practices, unconscionable loans, and usury are identical to claims made by BPVI in the prior adversary complaints, and all his claims, including to quiet title, arise from the same transactional nucleus of facts.[7] The court-approved settlements to dismiss with prejudice the Dakota Note AP and the PSG AP constitute final judgments on the merits, *Headwaters Inc. v. U.S. Forest*

---

specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant . . . . "(citation omitted)).

[7] Additionally, the Declaratory Judgment conclusively establishes that the trustee's sale was proper and neither Luke nor Kay Brugnara hold any right, title, or interest in Sea Cliff.

*Service*, 399 F.3d 1047, 1052 (9th Cir. 2005), and Brugnara is in privity with BPVI because he is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved," *United States v. Schimmels (In re Schimmels)*,127 F.3d 875, 881 (9th Cir. 1997). Brugnara was the former, and possibly current, president of BPVI, and the bankruptcy court previously held that BPVI was the alter ego of the Brugnaras for purposes of tax liability. *Brugnara Props. VI v. IRS (In re Brugnara Props. VI)*, 606 B.R. 371, 383 (Bankr. N.D. Cal. 2019). All defendants named in the present complaint, except for Galindo Donati,[8] were defendants in either the Dakota Note AP or the PSG AP.

Brugnara has not demonstrated any error by the bankruptcy court in granting summary judgment based on claim preclusion, and we find none.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's orders denying Brugnara's motion to remand and granting summary judgment to appellees.

---

[8] Galindo Donati was not served with the complaint. The bankruptcy court dismissed the complaint to the extent it was not served on any defendant not named in the judgment.

13