# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2012

Lyle W. Cayce
Clerk

No. 12-20255
Summary Calendar

In the Matter of: CHRISTOPHER PAUL RABALAIS,

Debtor.

CHRISTOPHER PAUL RABALAIS,

Appellant,

versus

SETH LEON,

Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:12-CV-102

Before SMITH, PRADO, and HIGGINSON, Circuit Judges

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20255

Christopher Rabalais, *pro se*, appeals the judgment of the district court affirming the bankruptcy court's grant in part of Seth Leon's motion for summary judgment. Because Rabalais points to no reversible error by either court, we affirm.

## I.

Rabalais founded and served as President and CEO of AllSportsMarket ("ASM"), a website where investors could buy and sell shares in the performance of athletes and sports teams. Leon deposited $31,000 on the website and, by a series of successful trades, eventually accumulated $400,000. When he attempted to withdraw his funds, he discovered that most of his money was gone.

Leon sued Rabalais, ASM, and a related entity in California state court, alleging fraud, deceit, and other claims. Although Rabalais appeared and filed a demurrer on Leon's original complaint, he did not answer Leon's second amended complaint. Therefore, the court entered a default against him, which Rabalais, though counsel, requested the court to vacate. Leon then filed a request for entry of default judgment, to which Rabalais filed an opposition, substituting himself for counsel, *pro se*.

The California court conducted a two-day trial on Leon's request; Rabalais did not appear. Leon presented evidence of fraud committed by Rabalais. After hearing testimony and evidence, the court specifically inquired as to the basis of Rabalais's individual liability for fraud and found there was ample evidence, commenting:

> [T]he fraud that's permeated this entire enterprise . . . On its face it seems to be a clear Ponzi scheme. So it either seems like a Ponzi scheme or gambling or something other than a true investment platform. . . . If it looks like a duck and walks like a duck, it's a Ponzi scheme.

2

No. 12-20255

The court then issued a Notice of Ruling on Default Judgment. It awarded Leon $379,026.14 plus costs of $320 against Rabalais and his two co-defendants, jointly and severally. On January 4, 2010, the California court entered a judgment against Rabalais in the amount of $379,346.14. Rabalais did not appeal.

Rabalais filed a petition under chapter 7 of the Bankruptcy Code on January 3, 2011, and listed the California state judgment in his Schedule F. Leon filed an adversary proceeding to determine the dischargeability of Rabalais's debt and then a motion for summary judgment. The bankruptcy court granted Leon's motion in part in February of this year, holding that the debt was not dischargeable, because the money had been obtained by false pretenses, false representations, and actual fraud under 11 U.S.C. § 523(a)(2). In particular, the court found that collateral estoppel compelled it to grant summary judgement for Leon, because the question of Rabalais's fraud was actually litigated and necessarily decided in the California court. Furthermore, although Rabalais raised numerous objections to the California proceedings, the bankruptcy court found that the *Rooker-Feldman* doctrine prevented it from considering them. Rabalais appealed to the district court, which affirmed, whereupon he appealed to this court.

## II.

Rabalais does not allege that the bankruptcy court or the district court erred in law or fact. Instead, he argues that the California court improperly determined that ASM was either gambling or a Ponzi scheme. He urges this court to use his case as a vehicle to clarify what gambling is.

Even assuming, *arguendo*, that the California court erred by describing ASM as gambling or a Ponzi scheme, the bankruptcy court correctly concluded that it could not revisit that characterization. Generally speaking, bankruptcy courts may not sit as appellate courts and revisit the merits of state court deci-

No. 12-20255

sions. *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983). Under the *Rooker-Feldman* doctrine, federal courts "lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315 (5th Cir. 1994). A state court judgment is "attacked" when the losing party in a state court action seeks "what in substance would be appellate review of the state judgment." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). Rabalais's "attack" on the California court's decision-making ought to have been raised on appeal in the California court system, not before a federal bankruptcy court. Like the bankruptcy court, we lack the authority to review the decision of the California court.

This court construes *pro se* briefs liberally, but even they must contain reasons why the appellant is entitled to his requested relief. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Rabalais has not briefed for this court any reason to reverse the judgment of the district court, which is therefore AFFIRMED.