NOT FOR PUBLICATION

**FILED**



MAR 1 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>CHRISTOPHER PAUL RABALAIS,<br>     Debtor. | BAP No. CC-20-1216-GFL<br><br>Bk. No. 2:20-bk-12237-ER |
| CHRISTOPHER PAUL RABALAIS,<br>     Appellant,<br>v.<br>SETH LEON,<br>     Appellee. | Adv. No. 2:20-ap-01138-ER<br><br>**MEMORANDUM[1]** |

Appeal from the United States Bankruptcy Court
for the Central District of California
Ernest M. Robles, Bankruptcy Judge, Presiding

Before: GAN, FARIS, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Creditor Seth Leon ("Leon") holds a judgment against chapter 7[2]

debtor Christopher Paul Rabalais ("Debtor") arising from litigation in the

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

2

California state court. After the judgment was entered, Debtor filed a chapter 7 case in the Southern District of Texas seeking to discharge the debt. But, after applying issue preclusion and the *Rooker-Feldman* doctrine, the Texas bankruptcy court held the debt nondischargeable under § 523(a)(2). *Leon v. Rabalais (In re Rabalais)*, Case No. 11-03167, 2012 WL 42101, *5 (Bankr. S.D. Tex. Jan. 9, 2012). The Texas judgment was affirmed by the United States District Court for the Southern District of Texas, and by the Fifth Circuit Court of Appeals. *See Rabalais v. Leon (In re Rabalais)*, 496 F. App'x 498, 499-500 (5th Cir. 2012) (per curiam).

Approximately eight years later, Debtor filed the current chapter 7 case. Believing that Debtor was attempting in bad faith to discharge the debt, Leon moved to dismiss the case under §§ 707(a) and (b). Out of an abundance of caution, he also filed an adversary complaint to affirm the nondischargeability judgment.

Debtor opposed the motion to dismiss and argued that the bankruptcy court could reconsider whether the state court judgment should be given preclusive effect. The court denied the motion and held that it would not revisit the preclusive effect of the state court judgment because that determination was made by the Texas bankruptcy court and

---

² Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

affirmed on appeal. The court ordered that the judgment would remain nondischargeable.

Based on the bankruptcy court's ruling, Leon filed a notice of dismissal of his adversary proceeding pursuant to Civil Rule 41(a), incorporated by Rule 7041. That same day, Debtor filed his answer to the complaint. He then filed a motion to deny dismissal on the basis that it must be by court order because a response had been filed. The bankruptcy court denied Debtor's motion and dismissed the adversary proceeding.

On appeal, Debtor argues that the underlying judgment should be dischargeable. To the extent that Debtor seeks review of the bankruptcy court's order that the judgment remained nondischargeable, we lack jurisdiction. The court made that ruling in the order denying dismissal of the bankruptcy case. The ruling was final, and Debtor did not appeal within the deadline set by Rule 8002(a).

Debtor has not demonstrated any error by the bankruptcy court in permitting the voluntary dismissal of the adversary proceeding and we see none. Accordingly, we AFFIRM.

FACTS[3]

A.   **Prepetition Events**

---

[3] We borrow from the factual background provided by the Texas bankruptcy court in *In re Rabalais*, 2012 WL 42101, and exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding and main case, as well as in Debtor's prior bankruptcy cases and related appeals. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

In 2008, Leon filed suit against Debtor and Debtor's business entity in the California state court, alleging fraud, deceit, and other claims. Debtor appeared and filed a demurrer to the complaint. The state court sustained the demurrer and granted leave for Leon to file an amended complaint. Leon filed his second amended complaint, but Debtor did not file an answer and the state court entered a default in August 2008.

Leon filed his request for entry of default judgment and Debtor filed an opposition in February 2009. Debtor then filed a substitution of counsel, withdrawing the appearance of his attorney and substituting himself pro se. The state court conducted a trial on Leon's request for a default judgment, but Debtor failed to appear. The state court found ample evidence of Debtor's individual liability for fraud. In January 2010, the state court entered judgment against Debtor and in favor of Leon in the amount of $379,376.14.

In January 2011, Debtor filed a chapter 7 petition in the Southern District of Texas and listed the California judgment in his Schedule F. Leon filed an adversary complaint seeking to have his judgment declared nondischargeable under §§ 523(a)(2) and (4).

In January 2012, the Texas bankruptcy court granted Leon's motion for summary judgment and held the debt to be nondischargeable. The Texas bankruptcy court determined that issue preclusion barred relitigation of the elements of fraud under § 523(a)(2)(A) and it rejected Debtor's request to revisit the state court judgment because of the *Rooker-*

*Feldman* doctrine. The bankruptcy court's nondischargeability judgment was affirmed by the district court and the Fifth Circuit. *See In re Rabelais*, 496 F. App'x 498.

In 2013, Debtor filed a chapter 13 petition in the Southern District of Texas, Case No. 4:13-bk-35851. At the hearing on Debtor's plan, the bankruptcy court determined that the case had been filed in bad faith and dismissed the case.

## B. The Present Bankruptcy Case And Motion To Dismiss

Debtor filed the current chapter 7 case in February 2020. He scheduled the debt owed to Leon, which had grown to $748,188.16 by the petition date. Debtor also scheduled a partially secured claim for $28,785 and unsecured claims totaling $64,724.32.

In April 2020, Leon filed a motion to dismiss Debtor's case pursuant to §§ 707(a) and (b). He argued that "cause" existed under § 707(a) because the vast majority of his debt was nondischargeable and Debtor was not seeking a "fresh start." He also argued that the case should be dismissed under § 707(b)(3)(A) because Debtor filed the case in bad faith, and under § 707 (b)(3)(B) because the totality of circumstances, including Debtor's history of filings, demonstrated abuse.

Debtor opposed the motion to dismiss and argued that Leon did not demonstrate cause under § 707(a). He asserted that he "[did] not fil[e] bankruptcy to discharge Leon's debt, nor . . . to stop any collection efforts . . . ." Debtor further argued that § 707(b) did not apply because his

6

debts were not primarily consumer debts. Finally, he argued that the court was not barred from discharging Leon's debt because Debtor was not afforded due process by the state court, and the *Rooker-Feldman* doctrine did not apply.

The bankruptcy court issued a tentative ruling denying the motion to dismiss under § 707(a) because Debtor legitimately sought a fresh start "notwithstanding his misguided attempt to challenge the Non-Dischargeability Judgment once again." The court also indicated its intent to deny the motion under § 707(b) because Debtor's current monthly income was below the median and, pursuant to § 707(b)(6)(A), Leon lacked standing to seek dismissal under § 707(b). The tentative ruling further stated that "because prior courts have already determined that the Judgment is subject to a preclusive effect, the Court does not need to reconsider the decisions previously rendered on the subject."

The bankruptcy court conducted a hearing on the motion to dismiss on June 2, 2020. Leon and Debtor each submitted on the tentative and neither made any argument at the hearing. The bankruptcy court entered its order denying the motion to dismiss on June 4, 2020. The court adopted its tentative ruling but further ordered:

> Because prior courts have already determined that the Judgment is subject to a preclusive effect, the Court does not need reconsider the decisions previously rendered on the subject. Therefore, insofar as Rabalais's Opposition to Leon's Motion to Dismiss seeks to revisit the question of Leon's debt,

the Opposition is overruled. Leon's Judgment remains non-dischargeable under 11 U.S.C. § 523(a)(2).

*Order*, June 4, 2020, at p. 2-3. Debtor did not appeal.

## C.    The Adversary Proceeding

Leon filed an adversary complaint seeking to affirm the debt was nondischargeable under § 523(a)(2). Leon stated in the complaint that he believed the bankruptcy court had already determined that the debt would remain nondischargeable based on the tentative ruling, but because a final order on the motion to dismiss had not yet been issued, he filed the complaint out of an abundance of caution. The complaint indicated that Leon would dismiss the proceeding if the court determined that the debt would remain nondischargeable.

On July 10, 2020, Leon filed a notice of voluntary dismissal of the adversary proceeding. He stated in the notice that a response had not been filed by Debtor and therefore the proceeding was dismissed under Civil Rule 41(a)(1).

On the same day, however, Debtor also filed his answer to the complaint. He then filed a motion to deny Leon's voluntary dismissal request and argued that dismissal under Civil Rule 41(a)(1) was not appropriate because he had filed his answer. Leon opposed the motion and argued that no reason existed to deny dismissal of the adversary proceeding given that Debtor did not assert any counterclaims and the

court had already ruled that the judgment would remain nondischargeable.

The bankruptcy court issued a tentative ruling denying Debtor's motion. The court stated that although dismissal as of right was not available to Leon because Debtor had filed his answer, Civil Rule 41(a)(2) provides that the action can be dismissed upon court order on terms that the court considers proper. The court held that dismissal was appropriate because it would not prejudice Debtor and would in fact spare him the expense of defending the complaint. The court stated that the only plausible reason for Debtor to oppose the voluntary dismissal was a desire to relitigate the dischargeability of the debt, which the court had already determined would remain nondischargeable.

The court held a hearing on August 18, 2020 and denied Debtor's motion to deny the voluntary dismissal.[4] The bankruptcy court entered a written order on August 31, 2020 and Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err by ordering dismissal of the adversary proceeding?

---

[4] Debtor did not provide a transcript of this hearing and it is not readily available on the public docket.

9

**STANDARD OF REVIEW**

We review the bankruptcy court's decision to permit a voluntary dismissal under Civil Rule 41(a)(2) for abuse of discretion. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

**A.     The Scope Of The Appeal**

As an initial matter, we clarify the scope of this appeal. Pursuant to Rule 8003(a), an appellant initiates an appeal by filing, within the time limit of Rule 8002(a), a notice of appeal which conforms substantially to the appropriate Official Form and is accompanied by the "judgment, order, or decree, or the part of it, being appealed."

Debtor attached to his notice of appeal only the order dismissing the adversary proceeding. However, under the description of the order appealed from, Debtor stated:

> The August 18, 2020 ruling concluded that "Pursuant to Leon's request, this Adversary Proceeding is dismissed, with prejudice, under Civil Rule 41(a)(2)." Accordingly, the Court's conclusion regarding the nondischargeability of Leon's debt stated on its Order Denying Creditor, Seth Leon's Motion to Dismiss Bankruptcy Case dated June 04, 2020 became final.

*Amended Notice of Appeal*, September 8, 2020.

10

Debtor did not attach the order denying dismissal of the bankruptcy case, in which it discussed the continuing nondischargeability of the judgment, but his notice of appeal could be read as intending to appeal that order. We can look past an appellant's failure technically to comply with Rule 8003 if the intent to appeal a specific order is fairly inferred and the appellee will not be prejudiced. *Lolli v. Cty. of Orange*, 351 F.3d 410, 414 (9th Cir. 2003). But, even if we could infer that Debtor intended to appeal the court's order regarding the continuing nondischargeability of the judgment, that order was final, and we do not have jurisdiction over an untimely appeal from a final order. *Wilkins v. Menchaca (In re Wilkins)*, 587 B.R. 97, 107 (9th Cir. BAP 2018).

The test for finality in bankruptcy is "(1) whether the bankruptcy court's order fully and finally determined the discrete issue or issues it addressed; and (2) whether it 'resolves and seriously affects substantive rights.'" *Jue v. Liu (In re Liu)*, 611 B.R. 864, 870 (9th Cir. BAP 2020) (quoting *Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 126 (9th Cir. 2016)). Failure to timely appeal a final order deprives the appellate court of jurisdiction. *Id.* at 872 (citing *Ozenne v. Chase Manhattan Bank (In re Ozenne)*, 841 F.3d 810, 814 (9th Cir. 2016) (en banc)).

The bankruptcy court fully determined the question of whether it would reconsider the Texas bankruptcy court's nondischargeability judgment in the order denying dismissal of the bankruptcy case and resolved any right that Debtor might have to seek discharge of the debt in

11

the present case in that order. This is consistent with our prior holding that "a determination of nondischargeability in one bankruptcy case bars redetermination of that issue in a subsequent bankruptcy case. 'In other words, once nondischargeable, always nondischargeable.'" *Bankr. Recovery Network v. Garcia (In re Garcia)*, 313 B.R. 307, 310 (9th Cir. BAP 2004) (quoting *Paine v. Griffin (In re Paine)*, 283 B.R. 33, 37 (9th Cir. 2002)).

And despite Debtor's assertion that the bankruptcy court's determination that the judgment remained nondischargeable included in the order denying dismissal of the main bankruptcy case became final upon dismissal of the adversary proceeding, dismissal of the adversary proceeding "makes little sense for use in determining the finality of . . . rulings in the main bankruptcy case because each adversary proceeding is a discrete 'judicial unit' for finality purposes." *In re Liu*, 611 B.R. at 877 (quoting *Belli v. Temkin (In re Belli)*, 268 B.R. 851, 855 (9th Cir. BAP 2001)).

Even if we were to look past the requirements of Rule 8003, Debtor did not appeal the relevant order within the time limit of Rule 8002(a) and we therefore lack jurisdiction. *See In re Wilkins*, 587 B.R. at 107. The failure to recognize the finality of a particular order may present "a potential trap for the unwary litigant," but as we recently stated: "[t]his situation, however, is not new. The Ninth Circuit has long advised litigants in bankruptcy who are unsure about the finality of an order to file a notice of

appeal to preserve their rights whether the matter was final or interlocutory." *In re Liu*, 611 B.R. at 872-73 (citations omitted).

The scope of this appeal is therefore limited to the court's order dismissing the adversary proceeding.

**B.     The Bankruptcy Court Did Not Abuse Its Discretion By Permitting Leon To Dismiss The Adversary Proceeding**

The bankruptcy court has discretion to grant a voluntary dismissal under Civil Rule 41(a)(2). *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). In deciding whether to grant a voluntary dismissal, the court "must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994), *as amended* (July 25, 1994) (citing *Hamilton*, 679 F.2d at 145). Plain legal prejudice requires "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist.*, 100 F.3d at 97. It typically requires that the dismissal affect the defendant's rights and defenses available in future litigation, such as "the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id*. (citations omitted).

Debtor failed to identify any legal prejudice caused by dismissal of the adversary proceeding in either the bankruptcy court or his opening brief. He has therefore waived the issue. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Moreover, we discern no legal prejudice caused by the

dismissal. Debtor did not assert any counterclaims, and dismissal of the adversary proceeding did not affect any of his legal rights.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order dismissing the adversary proceeding with prejudice.