**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



MAY 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: B SQUARED, INC., a California Corporation, dba All California Funding, <br><br> Debtor. <br><br><hr> DANNY WAYNE PRYOR, <br><br> Appellant, <br><br> v. <br><br> B SQUARED, INC., <br><br> Appellee. | No. 13-60084 <br><br> BAP No. 12-1410-PaMkTa <br><br><br> MEMORANDUM AND ORDER[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Markell, and Taylor, Bankruptcy Judges, Presiding

Submitted May 24, 2016[**]

Before: D.W. NELSON, GRABER, and WATFORD, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Danny Wayne Pryor appeals from a decision of the Bankruptcy Appellate Panel (BAP) affirming three orders of the bankruptcy court: one imposing sanctions against him for violating the automatic stay and discharge injunction in the chapter 11 proceedings of B Squared, Inc.; one denying reconsideration of an order dismissing his separate adversary proceeding against B Squared; and another denying reconsideration of an order designating him a vexatious litigant. We affirm.

**1.** The bankruptcy court did not abuse its discretion by imposing contempt sanctions against Pryor for violating the automatic stay and discharge injunction in B Squared's bankruptcy case. An automatic stay prohibiting "the commencement or continuation" of any preexisting claim against B Squared arose on March 10, 2009, when B Squared filed a chapter 11 bankruptcy petition, and remained in effect until March 11, 2011, when the bankruptcy court granted discharge and entered the accompanying injunction. 11 U.S.C. §§ 362(a)(1), (c)(2)(C), 524(a)(3). Notwithstanding the stay, throughout 2010 and 2011 Pryor continued to pursue a state-court action against B Squared arising out of B Squared's foreclosure on Pryor's properties, and he filed a separate state-court action in April 2010 alleging substantially the same claims. Notwithstanding the discharge injunction, he filed another state-court action in January 2012, immediately after the bankruptcy court

stated its intention to permanently enjoin him from seeking to collect the underlying debt from B Squared.

Pryor claimed not to have knowledge of the stay or the discharge injunction, which would absolve him of liability. *See In re Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003); *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002). But Pryor does not contest that he testified under oath that he knew of B Squared's chapter 11 proceeding as early as January 2010, or that his counsel twice clarified (contrary to Pryor's telling) that she advised him *not* to pursue the post-stay actions in state court. Nor does Pryor contest that he learned of the discharge injunction at the very latest in September 2011, well before he filed his final state-court action against B Squared's affiliated entities. The contempt sanctions were entirely proper.

**2.** The bankruptcy court did not abuse its discretion by denying Pryor's motion to reconsider the dismissal of his complaint in the separate adversary proceeding. None of Pryor's late-submitted documents cast doubt on the court's conclusion that Pryor failed to file his adversary complaint within the prescribed 180-day window after having received timely notice of the bankruptcy court's entry of the order confirming B Squared's bankruptcy plan. *See* 11 U.S.C. § 1144. To the extent that Pryor challenges the underlying dismissal order, we lack

jurisdiction over that decision because Pryor did not timely appeal from it, and the late-filed motion for reconsideration did not toll the time for filing the appeal. *See In re Blixseth*, 684 F.3d 865, 869–70 (9th Cir. 2012) (per curiam); *see also* Fed. R. Bankr. P. 8002(a)(1), (b)(1)(B), 9023.

3. The bankruptcy court likewise did not abuse its discretion by denying Pryor's motion to reconsider the order designating him a vexatious litigant. Contrary to Pryor's claims, the court did review the late-filed submissions, none of which undermined the court's conclusions in the underlying order. As with the adversary proceeding, we lack jurisdiction to resolve any challenges to the underlying order, because Pryor did not timely appeal from it, and his motion for reconsideration was untimely. *See* Fed. R. Bankr. P. 8002(a)(1), (b)(1)(B), 9023.

4. We grant Pryor's request that we take judicial notice of various court records from the related proceedings. *See* Fed. R. Evid. 201.

**AFFIRMED. Request for judicial notice GRANTED.**