FILED

OCT 17 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

In re:                                    )    BAP No.   MT-17-1085-FBKu
                                          )
JOHN PATRICK STOKES,                      )    Bk. No.   2:16-bk-60720-JDP
                                          )
                 Debtor.                  )
_____          )
                                          )
JOHN PATRICK STOKES,                      )
                                          )
                 Appellant,               )
                                          )
v.                                        )    **MEMORANDUM**[*]
                                          )
ROBERT G. DRUMMOND,                       )
Chapter 13 Trustee,                       )
                                          )
                 Appellee.                )
_____          )

Argued and Submitted on September 28, 2017
at Seattle, Washington

Filed – October 17, 2017

Appeal from the United States Bankruptcy Court
for the District of Montana

Honorable Jim D. Pappas, Bankruptcy Judge, Presiding

_____

Appearances:    Appellant John Patrick Stokes argued pro se;
                Appellee Robert G. Drummond, Chapter 13 Trustee,
                argued pro se.

_____

Before: FARIS, BRAND, and KURTZ, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Chapter 13[1] debtor John Patrick Stokes appeals from the bankruptcy court's orders dismissing his case, denying his motion to vacate the dismissal, and denying his motion for reconsideration. Because Mr. Stokes did not timely file his motion to vacate or motion for reconsideration, our appellate jurisdiction is limited to a review of the denial of reconsideration. We discern no error and AFFIRM.

**FACTUAL BACKGROUND**[2]

On July 15, 2016, Mr. Stokes filed a chapter 13 petition in the United States Bankruptcy Court for the District of Montana to halt a foreclosure of his real property. That same day, the bankruptcy court issued the required Notice of Chapter 13 Bankruptcy Case ("Notice"). The top of the second page of the Notice stated: "Meeting of creditors. Debtors must attend the meeting to be questioned under oath." The Notice provided in bold that the meeting of creditors would be held on August 11, 2016 at 2:00 p.m. in Kalispell, Montana. The Notice was sent by first class mail to Mr. Stokes' address in Big Fork, Montana.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Mr. Stokes fails to offer a complete record on appeal and only provides a list of document names and a few unfile-marked documents. Fortunately, the appellee presents comprehensive excerpts of record. We also take judicial notice of the bankruptcy court's electronic docket. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Prior to the meeting of creditors, Appellee Richard G. Drummond, Chapter 13 Trustee ("Trustee"), filed a motion to dismiss based on Mr. Stokes' failure to file all of his tax returns. The court set a hearing for the motion to dismiss on September 15.

Mr. Stokes did not appear at the meeting of creditors on August 11. The next day, the Trustee filed a notice of Mr. Stokes' failure to appear and requested dismissal pursuant to Local Bankruptcy Rule 2003-7.[3] That same day, the bankruptcy court issued an order dismissing the case. Both the Trustee's request and the order were sent to Mr. Stokes' address of record via first class mail.

On August 23, the Trustee filed his Final Report and Account. The bankruptcy court closed the case on August 30.

On November 4, Mr. Stokes filed a motion to reopen his chapter 13 case. He stated that he "accidentally missed" the August 11 meeting of creditors because he believed that the

---

[3] LBR 2003-7 provides, in relevant part:

If a debtor fails to appear at the meeting of creditors scheduled pursuant to 11 U.S.C. § 341(a), the case may be dismissed or converted by the Court upon notification by the trustee or the U.S. Trustee of debtor's failure to appear (See Mont. LBF 7 and 7-A), unless the debtor or the debtor's attorney filed an application for continuance not later than fourteen (14) days prior to the scheduled creditors' meeting, as required under Mont. LBR 2003-4 above, and such application was granted by the U.S. Trustee. Failure to timely file an application for continuance may result in the case being dismissed or converted, unless the trustee or other party in interest requests that the case remain open or in the present chapter.

3

September 15 hearing on the Trustee's motion to dismiss "took precedence, Debtor was wrong." He represented that he did not find out that his case was dismissed until late August or early September. The bankruptcy court granted the motion and reopened Mr. Stokes' chapter 13 case.

On November 18, Mr. Stokes filed a Motion to Vacate Dismissal ("Motion to Vacate"). He did not address the order dismissing his case or his failure to attend the meeting of creditors but instead argued that three creditors had committed mortgage fraud in attempting to foreclose on his property. He requested that the court vacate the dismissal so that he could collect on judgments against those creditors to bring funds into the estate.

In his reply brief, Mr. Stokes addressed the dismissal, stating, "Stokes absolutely made a mistake. A fatal but correctable mistake. Stokes falsely believed that the creditors meeting was postponed and Debtor completely put it out of his mind." He also attacked the Trustee, claiming that the Trustee misled him by offering assistance without mentioning the upcoming meeting of creditors.

The bankruptcy court held a hearing on the Motion to Vacate. Mr. Stokes briefly addressed the grounds for the Motion to Vacate, stating that he was preoccupied with preparing for the hearing on the motion to dismiss, yet for the first time also stated contradictorily that he "just forgot" about the meeting of creditors. He repeated his arguments that the creditors had committed mortgage fraud with the Trustee's assistance.

The bankruptcy court then placed him under oath, asked

4

questions, and permitted opposing counsel to cross-examine him. Mr. Stokes admitted that he had filed two prior bankruptcy cases and that his wife had filed for bankruptcy once, so he was aware of bankruptcy procedure, including the meeting of creditors. When the questions and answers veered off to the underlying dispute between the parties and the alleged mortgage fraud, the court interrupted the parties and informed them that it was only concerned with the dismissal for Mr. Stokes' failure to attend the meeting of creditors.

The bankruptcy court issued its memorandum of decision on January 9, 2017, holding that Mr. Stokes was not entitled to relief under either Civil Rule 59 or 60.

Over fourteen days later, on January 26, Mr. Stokes filed a motion for reconsideration of the denial of the Motion to Vacate ("Motion for Reconsideration"). This time, he represented that he had simply forgotten to attend the meeting of creditors: "Stokes completely made the case for a 'mistake' as it truly was. Forgetting is a mistake."

He also accused the Trustee of colluding with creditors to deny him access to the courts, fabricate evidence and false proofs of claim, and advance the creditors' interests. He said that he had "newly discovered [evidence] . . . that Trustee Drummond was working hand in glove with First American to facilitate dismissal and trustee sale." He also generally represented that he had evidence that the proofs of claim were fraudulent.

On January 30, without a hearing, the bankruptcy court issued an order denying the Motion for Reconsideration for all of

5

the reasons given in its order denying the Motion to Vacate.

On February 13, Mr. Stokes filed a notice of appeal from the bankruptcy court's orders (1) dismissing the case, (2) denying the Motion to Vacate, and (3) denying the Motion for Reconsideration.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). Subject to our discussion below, we have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in denying the Motion for Reconsideration.

## STANDARD OF REVIEW

We review for abuse of discretion a bankruptcy court's denial of a motion for reconsideration. See Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258 (9th Cir. 2010); Tennant v. Rojas (In re Tennant), 318 B.R. 860, 866 (9th Cir. BAP 2004).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1262–63 & n.21 (9th Cir. 2009) (en banc). "If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may

6

be drawn from the facts in the record, then the bankruptcy court has abused its discretion." USAA Fed. Sav. Bank v. Thacker (In re Taylor), 599 F.3d 880, 887–88 (9th Cir. 2010) (citing Hinkson, 585 F.3d at 1261–62).

**DISCUSSION**

**A.   The scope of this appeal is limited to the Motion for Reconsideration.**

As an initial matter, we must consider whether we have jurisdiction to review the orders on appeal. "The untimely filing of a notice of appeal deprives us of jurisdiction." Charlie Y., Inc. v. Carey (In re Carey), 446 B.R. 384, 389 (9th Cir. BAP 2011) (citations omitted); see Samson v. W. Capital Partners, LLC (In re Blixseth), 684 F.3d 865, 869 (9th Cir. 2012).

An appeal from a final bankruptcy court order must be filed within fourteen days of entry of the order. See Rule 8002(a). The deadline for filing an appeal is mandatory and jurisdictional. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978); Slimick v. Silva (In re Slimick), 928 F.2d 304, 306 (9th Cir. 1990).

Rule 8002(b) tolls the time for filing an appeal if a party files a motion to alter or amend the judgment under Rule 9023 or a motion for relief under Rule 9024 within fourteen days after the judgment is entered. Rule 8002(b)(1)(B), (D). An untimely motion for reconsideration will not extend the time to file a notice of appeal. Preblich v. Battley, 181 F.3d 1048, 1057 (9th Cir. 1999); see Pryor v. B Squared, Inc. (In re B Squared, Inc.), 654 F. App'x 268, 269 (9th Cir. 2016) ("To the extent that

7

[debtor] challenges the underlying dismissal order, we lack jurisdiction over that decision because [debtor] did not timely appeal from it, and the late-filed motion for reconsideration did not toll the time for filing the appeal.").

The bankruptcy court's August 12, 2016 dismissal order was a final, appealable order. See Neary v. Padilla (In re Padilla), 222 F.3d 1184, 1188 (9th Cir. 2000) (stating that a "bankruptcy court's order dismissing [a debtor's] bankruptcy petition is a final order"). Mr. Stokes did not file a notice of appeal or tolling motion within fourteen days. Thus, he cannot appeal the dismissal order.[4] See Rule 8002(a).

The January 9, 2017 order denying the Motion to Vacate was also a final, appealable order. See Mason v. Integrity Ins. Co. (In re Mason), 709 F.2d 1313, 1315 (9th Cir. 1983) ("Orders denying relief on [motions to vacate] are generally considered to be final and appealable."). Mr. Stokes did not file a notice of appeal or tolling motion within fourteen days. Rather, he filed his Motion for Reconsideration seventeen days later on January 26. Thus, the Motion for Reconsideration did not toll the time to file an appeal from the order denying the Motion to Vacate, and we lack jurisdiction to consider any argument on appeal relating to the Motion to Vacate.

Mr. Stokes filed a timely notice of appeal within fourteen days of the January 30 order denying the Motion for

---

[4] We express no opinion as to the propriety of the local rule allowing the ex parte dismissal of a debtor's bankruptcy case for failure to appear at a § 341 meeting of creditors. We do not have jurisdiction to review the dismissal order, and Mr. Stokes did not raise this issue.

8

Reconsideration. Thus, the scope of this appeal is limited to the order denying the Motion for Reconsideration.

**B.    The bankruptcy court did not err in denying the Motion for Reconsideration.**

Mr. Stokes' only viable argument on appeal is that the bankruptcy court abused its discretion in denying his Motion for Reconsideration. Although he lists fifteen issues on appeal, he makes only two arguments: (1) he repeats his original argument (rejected by the bankruptcy court) that he made a mistake and forgot to (or did not think he had to) attend the § 341(a) meeting of creditors, and (2) he claims that the Trustee colluded with certain creditors to "harm Stokes and make him homeless." We discern no reversible error.[5]

We examine Mr. Stokes' arguments under Civil Rule 60(b). See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) ("A 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within [fourteen] days of entry of judgment. Otherwise, it is treated as a [Civil] Rule 60(b) motion for relief from a judgment or order." (citation omitted)). Civil Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment,

---

[5] Following oral argument and submission of this case, Mr. Stokes filed a supplemental document entitled "Appellant[']s Clarified Answer to Judge Farris [sic] on Oral Argument September 28, 2017. Judicial Notice of Prejudice Upon Remand." The Panel will not consider his unauthorized supplemental filing. See Rule 8018(a)(3).

order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Civil Rule 60(b)(1)-(6). We construe his arguments liberally. Kashani v. Fulton (In re Kashani), 190 B.R. 875, 883 (9th Cir. BAP 1995).

Regarding his failure to attend the meeting of creditors, Mr. Stokes merely repeated the contradictory arguments raised in the Motion to Vacate: he was aware of the meeting of creditors, but thought another hearing took precedence and the meeting was postponed; or he just forgot to appear. The bankruptcy court has wide latitude to determine whether a particular "mistake" justifies relief under Civil Rule 60(b)(1). See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Whether or not to grant reconsideration is committed to the sound discretion of the court."). The bankruptcy court had already rejected these arguments when it denied the Motion to Vacate, and Mr. Stokes did not present the bankruptcy court with any compelling reason to

10

reconsider that decision. See Agostini v. Felton, 521 U.S. 203, 257 (1997) (stating that "relitigation of the legal or factual claims underlying the original judgment is not permitted in a Rule 60(b) motion or an appeal therefrom").

Mr. Stokes contends that the Trustee and certain creditors committed fraud or misconduct. If we afford these arguments a liberal interpretation, they might invoke Civil Rule 60(b)(3). "[T]he moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense. . . . [The] fraud . . . [must] not be discoverable by due diligence before or during the proceedings." Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) (internal citations omitted).

But these arguments concern supposed misconduct arising from the underlying dispute and sale of his property, not anything connected to the dismissal of his chapter 13 case or the Motion to Vacate. See Pac. & Arctic Ry. & Nav. Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1991) (stating that, under Civil Rule 60(b)(3), the fraud must "be materially related to the submitted issue"). In any event, Mr. Stokes offered only conjecture and unsupported speculation that the Trustee was "working hand in glove" with the creditors to perpetuate fraud. The bankruptcy court did not err in rejecting these arguments.

On appeal, Mr. Stokes expands on his unsupported claims

11

concerning the alleged fraud and misconduct.[6] These are new arguments not substantively raised before the bankruptcy court, so we will not consider them. See Yamada v. Nobel Biocare Holding AG, 825 F.3d 536, 543 (9th Cir. 2016). Further, these arguments are not relevant to the reconsideration of the order denying the Motion to Vacate, but rather concern the underlying collection dispute between the parties.[7]

## CONCLUSION

The bankruptcy court did not abuse its discretion in denying the Motion for Reconsideration. Accordingly, we AFFIRM.

---

[6] The majority of the argument in Mr. Stokes' opening brief consists of a cut-and-pasted treatise or handbook on a chapter 13 trustee's duties. He does not provide any other authority supporting his position.

[7] Mr. Stokes argues that we must strike the Trustee's answering brief because he did not sign and date it. While he is correct that the Trustee did not affix his signature at the end of the brief, the Trustee's electronic signature appears on the second page of the document, which contains the certification required by BAP Rule 8015(a)-1. This signature is sufficient.

12