FILED

MAR 19 2025

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>FARRAH PIRAHANCHI NAZEMI<br><div align="center">Debtor.</div> | BAP No.　SC-24-1091-CBS |
| | Bk. No.　19-05758-LT7 |
| FARRAH PIRAHANCHI NAZEMI,<br><div align="center">Appellant,</div><br>v.<br>WELLS FARGO BANK N.A., DOA 1-10,<br><div align="center">Appellee.</div> | Adv. No.　24-90015-LT |
| | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Southern District of California
Laura S. Taylor, Bankruptcy Judge, Presiding

Before: CORBIT, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Farrah Pirahanchi Nazemi ("Debtor") appeals the

bankruptcy court's order denying her motion to reconsider the bankruptcy

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

court's previous order dismissing her adversary complaint against creditor Wells Fargo Bank N.A., DOA 1-10 ("Wells Fargo") related to Wells Fargo's foreclosure of her former residence on Camino Del Cerro in Grande Bonita, California (the "Property"). Because the bankruptcy court did not abuse its discretion in denying the Debtor's motion for reconsideration, we AFFIRM.

## FACTS[2]

### A.   The Debtor's previous bankruptcy petitions.

The Debtor is well known to the bankruptcy court in the Southern District of California. Since 2008, the Debtor has filed at least six bankruptcy petitions and of those six cases, five were dismissed without a discharge. Relevant to this appeal is the bankruptcy case that Debtor filed on May 16, 2018 ("2018 Bankruptcy") and the in rem relief order granted to Wells Fargo.

After the Debtor filed her 2018 Bankruptcy, Wells Fargo filed a motion for relief from the automatic stay. Wells Fargo alleged that the Debtor had filed multiple bankruptcies as part of a scheme to delay, hinder, or defraud Wells Fargo and to prevent Wells Fargo from pursuing its state law remedies against the Property. The bankruptcy court agreed. On July 18, 2018, the bankruptcy court entered an order granting Wells Fargo in rem relief from the automatic stay pursuant to § 362(d)(4) as to the

---

[2] We exercise our discretion to take judicial notice of the docket and documents filed in the underlying bankruptcy case and adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Property ("In Rem Stay Relief Order"). Wells Fargo recorded the In Rem Stay Relief Order pursuant to state law, perfecting its in rem relief for two years. The Debtor's 2018 Bankruptcy was eventually dismissed without a discharge.

**B.    The Debtor's most recent bankruptcy proceedings.**

The Debtor filed the underlying chapter 7 bankruptcy case on September 26, 2019 ("2019 Bankruptcy"), one day before Wells Fargo's scheduled foreclosure sale of the Property. Wells Fargo proceeded with the foreclosure sale despite the Debtor's bankruptcy filing based on the In Rem Stay Relief Order which was granted within the preceding two years. Therefore, no automatic stay arose against the Property when the Debtor's 2019 Bankruptcy was filed. Wells Fargo sold the Property to a third party who took possession of the Property.

On October 18, 2019, the Debtor filed a motion to "Set Aside Foreclosure Trustee Sale as a Matter of Law." The basis of the Debtor's motion was vague and imprecise. It appears that the Debtor generally asserted that the foreclosure sale should have been stayed because of her 2019 Bankruptcy. The Debtor asserted that by going through with the foreclosure sale, Wells Fargo violated the automatic stay. The Debtor also generally disputed Wells Fargo's right to foreclose on the Property, arguing that the original note and deed of trust were "unalienable" and could not be assigned by the original note holder, World Savings Bank. According to the Debtor, Wells Fargo "never had any legal and equitable ownership

3

rights at anytime [sic] of [her] Note and Deed." The Debtor also asserted that she had fully paid the amount of the original note to World Savings Bank.

### 1. The motion to dismiss.

On October 29, 2019, the United States Trustee (the, "U.S. Trustee") filed a motion to dismiss the Debtor's 2019 Bankruptcy pursuant to §§ 707(a), 105(a), and 349(a) or, in the alternative, sought an order denying the Debtor's discharge pursuant to § 727(a)(8) and Rule 4004(a). In support, the U.S. Trustee detailed the Debtor's six previous bankruptcy filings and five dismissals without a discharge. The U.S. Trustee argued that this was evidence that the Debtor had abused the bankruptcy system by filing multiple bankruptcies solely "to evade foreclosure" of the Property. The U.S. Trustee also argued that the case should be dismissed because the Debtor was ineligible to receive a discharge pursuant to § 727(a)(8) because the Debtor received a chapter 7 discharge on November 25, 2014, within eight years of the petition date of the current chapter 7 case.

The Debtor objected to the U.S. Trustee's motion to dismiss. The Debtor's objection was again unfocused and unclear. Rather than addressing any of the issues identified in the U.S. Trustee's motion, the Debtor focused on the foreclosure sale and her multiple alleged claims against Wells Fargo which included allegations of fraud and misrepresentation.

In response, the U.S. Trustee argued that regardless of the Debtor's

4

belief that she had legal claims against Wells Fargo and/or World Saving Bank, the Debtor should pursue those claims in state court, not the bankruptcy court. The U.S. Trustee also argued that the Debtor had not provided any objective basis for allowing the 2019 Bankruptcy to continue. According to the U.S. Trustee, "[w]ith no right to a discharge and only one creditor, there is no need for this bankruptcy case to proceed."

**2.    The order dismissing the Debtor's 2019 Bankruptcy.**

After a hearing, the bankruptcy court agreed with the U.S. Trustee. On December 20, 2019, the bankruptcy court entered an order granting the U.S. Trustee's motion. The dismissal order stated in relevant part that:

> 1. The Dismissal Motion is granted with prejudice.
>
> 2. Farrah Pirahanchi-Nazemi (the "Debtor") is barred from refiling a case under chapter 7 of title 11 for 180-days from the entry of this order.
>
> 3. The above-entitled chapter 7 case is hereby dismissed pursuant to 11 U.S.C. § 707(a) for cause, because the Debtor is not eligible for a discharge having had a previous discharge in less than eight (8) years in Case No. 14-05061-LT7. Here, **Debtor intends to use bankruptcy only as a platform for litigation that she either has filed or can file in a nonbankruptcy forum**. **She does not intend to resolve other debt issues. Instead, she appears to be utilizing the automatic stay to obtain an injunction in litigation. There is no appropriate bankruptcy purpose here.**
>
> 4. All related adversary proceedings which are pending are also dismissed subject to the provisions of Bankruptcy Local Rule 7041-2(a).  **Dismissal is without prejudice to her rights, if any,**

**to initiate this litigation in another forum. Given the lack of bankruptcy purpose the cases are moot from a bankruptcy perspective, and the Court exercises its discretion as to dismissal.**

5. All stays now in effect for this case are vacated.

Bankruptcy ECF No. 49 (emphasis added by the bankruptcy court).

On January 10, 2020, the clerk of court entered a notice of entry of order dismissing the 2019 Bankruptcy and vacating all automatic stays and injunctions.

### 3. The Debtor's motion to reopen.

Almost four years later, on February 5, 2024, the Debtor filed a motion to reopen her bankruptcy case under § 350(b) to file an adversary proceeding against Wells Fargo. The bankruptcy court granted the motion and reopened the Debtor's 2019 Bankruptcy on February 14, 2024

### C. The Debtor's adversary complaint.

On February 20, 2024, the Debtor filed the underlying adversary action against Wells Fargo. The claims in the Debtor's 26-page complaint ("Complaint") are difficult to discern. It appears that the Debtor continued to allege that she had fully repaid the original home loan from World Savings Bank. The Debtor asserted that regardless of the "proof" she had provided demonstrating that the loan was fully paid, Wells Fargo "fabricated" new loan documents in 2015 to "steal Plaintiff's home, liberty, and due process." According to the Debtor, Wells Fargo used the fabricated loan documents to unlawfully foreclose on the Property.

The Debtor's Complaint included a list of seventeen claims.[3] The Debtor also alleged that the foreclosure was a violation of the automatic stay. Beyond the conclusory list, the Complaint did not include any particularity as to the law or the factual basis of any of the claims.

In response, Wells Fargo filed a motion to dismiss pursuant to Civil Rule 12(b)(1) and (b)(6) ("Motion to Dismiss"). Wells Fargo argued that only one claim in the Complaint had any nexus to bankruptcy: the Debtor's claim that she was entitled to damages because Wells Fargo willfully violated the automatic stay when it foreclosed on the Property. Wells Fargo argued, however, that the sole bankruptcy claim failed as a matter of law; there was no automatic stay in place as to the Property at the time of the foreclosure because of the recorded In Rem Stay Relief Order. Wells Fargo argued that therefore, the Debtor could not plead any set of facts raising a plausible claim under § 362(a) and (k). According to Wells Fargo, because the Complaint did not plead any plausible core bankruptcy claims, the bankruptcy court lacked jurisdiction over the remaining non-bankruptcy claims. In the alternative, Wells Fargo argued that even if the bankruptcy

---

[3] The following are the seventeen claims: (1) rescission, mistake and "void-fabricated" fraudulent claim; (2) fraudulent inducement; (3) fraudulent concealment; (4) intentional misrepresentation ("Frivolous Loan Fabricated"); (5) negligent misrepresentation; (6) tax fraud ("Fraud on Security Exchange Commission"); (7) invasion of constitutional right of privacy; (8) violation of California Business & Professions Code § 17200; (9) theft, money laundering, racketeering in violation of RICO Act; (10) slander of title; (11) declaratory relief; (12) promissory estoppel; (13) breach of the implied covenant of good faith and fair dealing; (14) institutional bad faith; (15) wrongful foreclosure; (16) TRO, writ of replevin; and (17) quiet title.

court had jurisdiction, it had the option under permissive abstention to abstain from hearing the remaining claims.

On May 15, 2024, the bankruptcy court granted the U.S. Trustee's Motion to Dismiss ("Adversary Dismissal Order"). The Adversary Dismissal Order stated in relevant part:

> As to Plaintiff's claims regarding an alleged violation of the automatic stay of 11 U.S.C. § 362(a), the Court grants Defendant's Motion to Dismiss WITH PREJUDICE. It is undisputed that Defendant received an order granting relief from the automatic stay under 11 U.S.C. § 362(d)(4) in Plaintiff's 2018 bankruptcy case and recorded the relevant order. Thus, upon the filing of the above-captioned bankruptcy case, the automatic stay did not arise as to the [Property].

Adv. Dkt. 13.

As to "all other claims for relief," the bankruptcy court determined that it did not have jurisdiction because those claims "do not arise in this case, do not involve bankruptcy law, and, particularly this far removed from case filing, appear unrelated to the case in any fashion properly justifying Bankruptcy Court jurisdiction." *Id.*

Sixteen days later, on May 31, 2024, the Debtor filed a "Motion to Vacate." The Debtor's pleading was again rambling, imprecise, and without legal analysis. The Debtor argued that the Dismissal Order should be vacated pursuant to Civil Rule 60(b)(3) because Wells Fargo's "representatives had perpetrate [sic] a fraud on the court by presenting 'fake loan' documents." The Debtor also alleged that Judge Taylor had ex

8

parte communications with Wells Fargo and sought to have the case transferred to the chief bankruptcy judge. The Debtor did not provide any legal argument or evidence demonstrating the bankruptcy court's alleged erroneous application of the law or the facts.

In conjunction with her Motion to Vacate, the Debtor uploaded a proposed order titled, "Order on Respectfully Demanding the Case to be Reviewed by Presiding Judge and Judge Taylor be removed." It repeated the Debtor's allegation that Wells Fargo had committed fraud and repeated her request that Judge Taylor should be removed from the case.

On June 4, 2024, the bankruptcy court stamped the Debtor's proposed order, "DENIED," ("Reconsideration Denial Order"). Presumably, by stamping the proposed order denied, the bankruptcy court denied both the Debtor's Motion to Vacate and the Debtor's inartful recusal request.[4]

The Debtor appeals from that order.[5]

---

[4] In the main bankruptcy case, on May 9, 2024, the bankruptcy court entered a tentative ruling denying recusal stating that the "Debtor's unsupported assertion of ex parte contact is untrue . . . the only knowledge Judge Taylor has about Debtor and her cases was learned during the course of handling the matters."

[5] On June 11, 2024, the Debtor filed a Notice of Appeal ("NOA"). The Debtor describes the "judgment, order, or decree appealed from" as "Judge Taylor, WELLS FARGO THEFT" entered on June 3, 2024. There is no such order. While Rule 8001(a) does not require the NOA to designate the order or judgment from which an appeal is taken, it is required by 9th Cir. BAP Rule 8001(a)–1. However, the Panel may depart from its local rule absent prejudice. *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 100 (9th Cir. BAP 2006). In this case, it is likely that the Debtor was appealing the order denying her Motion to Vacate and her motion for recusal that was entered on

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Whether the bankruptcy court abused its discretion in denying the Debtor's Motion to Vacate the Adversary Dismissal Order.

Whether the bankruptcy court erred in denying the Debtor's recusal motion.

## STANDARDS OF REVIEW

We review the bankruptcy court's decision to deny a motion to vacate its judgment or order for an abuse of discretion. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (explaining the standard of review is the same whether the motion for reconsideration is based on Civil Rule 59(e) or Civil Rule 60(b)). We also review the bankruptcy judge's denial of a recusal motion for abuse of discretion. *Hale v. U.S. Tr. (In re Basham)*, 208 B.R. 926, 930 (9th Cir. BAP 1997). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or if its factual findings are illogical, implausible or not supported by the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

---

June 4, 2024, and there is no prejudice because the parties have briefed the issues.

**DISCUSSION**

**A.    The scope of this appeal is limited to the Reconsideration Denial Order.**

On appeal, both in her briefing and at oral argument, the Debtor focused almost exclusively on her belief that Wells Fargo used "fake" loan documents to unlawfully foreclose on the Property and therefore, Wells Fargo should be ordered to return the Property.[6] The Debtor misconstrues the scope of the appeal. Our jurisdiction is limited to reviewing the Reconsideration Denial Order because this was the only order the Debtor timely appealed.

An appeal from a final bankruptcy court order must be filed within fourteen days of entry of the order. *See* Rule 8002(a). The deadline for filing an appeal is mandatory and jurisdictional. *Wilkins v. Menchaca (In re Wilkins)*, 587 B.R 97, 107 (9th Cir. BAP 2018).

Rule 8002(b) tolls the time for filing an appeal if a party files a motion to alter or amend the judgment under Rule 9023 or a motion for relief under Rule 9024 within fourteen days after the judgment is entered. Rule 8002(b)(1)(B), (D). An untimely motion for reconsideration will not extend the time to file a notice of appeal. *See Preblich v. Battley*, 181 F.3d 1048, 1057

---

[6] The Debtor's appellate briefing does not contain a comprehensible statement of facts, citations to legal authorities, citations to the record, or identify the relevant standard of review. This makes deciphering the Debtor's arguments difficult. *See e.g. Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007); *Mitchel v. Gen. Elec. Co.*, 689 F.2d 877, 879 (9th Cir. 1982) ("[Debtor's] failure to refer to the record works a hardship not only on this court, but also on the opposing litigants.").

(9th Cir. 1999); *Pryor v. B Squared, Inc. (In re B Squared, Inc.)*, 654 F. App'x 268, 269 (9th Cir. 2016) ("To the extent that . . . the underlying dismissal order [is challenged], we lack jurisdiction over that decision" because it was not timely appealed and the "late-filed motion for reconsideration did not toll the time for filing the appeal.") (citation omitted).

Here, the bankruptcy court's May 15, 2024, Adversary Dismissal Order, dismissing the Debtor's adversary complaint was a final, appealable order. The Debtor did not file a notice of appeal or tolling motion within fourteen days. Instead, the Debtor filed her Motion to Vacate sixteen days after the Adversary Dismissal Order. The Debtor's Motion to Vacate is liberally construed as a motion for relief from judgment under Civil Rule 60(b) applicable to bankruptcy through Rule 9024. *See e.g. Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996). Because the Debtor's Motion to Vacate was not filed within fourteen days of the entry of the Adversary Dismissal Order, it did not toll the time to appeal the Adversary Dismissal Order. Rule 8002(b)(1)(D). Accordingly, to the extent that the Debtor wants to challenge the

soundness of the Adversary Dismissal Order, her appeal is untimely, and the Panel lacks jurisdiction to review the order.

The Debtor timely appealed the Reconsideration Denial Order. Thus, the scope of this appeal is limited to that order. Rule 8002(a).

**B.     The bankruptcy court's Reconsideration Denial Order was not an abuse of its discretion.**

Civil Rule 60(b) allows the bankruptcy court to relieve a party from a final judgment for certain enumerated reasons, including: (3) fraud, misrepresentation, or other misconduct of an adverse party. Civil Rule 60(b)(3). To prevail, the moving party must first prove by clear and convincing evidence that the order was obtained through fraud, misrepresentation, or other misconduct by the adverse party. *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). The fraud must not have been discoverable with the exercise of due diligence. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). The moving party must also establish that the conduct complained of prevented the losing party from fully and fairly presenting the defense. *Id.* Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Maudlin v. M/V Peacock (In re M/V Peacock)*, 809 F.2d 1403, 1405 (9th Cir. 1987).

Here, the crux of the Debtor's argument is that the bankruptcy court abused its discretion in declining to vacate the Adversary Dismissal Order because the bankruptcy court relied on fraudulent information provided

13

by Wells Fargo. The Debtor's argument is merely rehashing the same allegations previously presented to the bankruptcy court. Thus, the alleged fraud was not newly discovered. The Debtor argues that she has new evidence, a declaration from a "forensic document examiner" that was completed on October 15, 2024. According to the Debtor, this establishes that the "documents produced by Wells Fargo Bank to the CFPB were fabricated from the original filed and then altered again before they were produced in 2024." The Debtor did not present this declaration to the bankruptcy court in support of her Motion to Vacate and the Panel declines to consider it. *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 n.5 (9th Cir. 2001) ("[e]vidence that was not before the lower court will not generally be considered on appeal"); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077-78 (9th Cir. 1988) (holding that papers not presented to the trial court before entry of the order on appeal are not properly part of the record and should not be considered in resolving the appeal).

Additionally, the Debtor has not established that the alleged fraud prevented her from fully and fairly presenting her defense. Indeed, the Debtor has been arguing the same defense for years – that Wells Fargo created "fake" loan documents. The Debtor even admitted at oral argument that the arguments set forth in her Motion to Vacate were the same arguments she previously presented to the bankruptcy court.

14

Because the Debtor failed to demonstrate any basis for relief, the bankruptcy court did not abuse its discretion in denying the Debtor's Motion to Vacate.

**C.**     **The bankruptcy court did not abuse its discretion in denying the Debtor's motion for recusal.**

As noted above, in conjunction with her Motion to Vacate, the Debtor submitted a proposed order titled "Order on Respectfully Demanding the case to be reviewed by Presiding Judge and Judge Taylor to be removed." Because we must construe the Debtor's pro se filings liberally, *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001), we construe the part of the Debtor's Motion to Vacate alleging bias by Judge Taylor and her request that her case be reassigned to the chief judge as a motion for recusal.

The recusal of bankruptcy judges is governed by 28 U.S.C. § 455. Rule 5004(a). A judge has a strong duty to sit when there is no legitimate reason to recuse. *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005). In evaluating recusal motions, judicial impartiality is presumed, and the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Seidel v. Durkin (In re Goodwin)*, 194 B.R. 214, 222 (9th Cir. BAP 1996); *see also Liteky v. United States*, 510 U.S. 540, 548 (1994).

If the basis of a recusal motion is allegations of bias or prejudice then generally, the bias or prejudice must stem from some extrajudicial source. *Liteky*, 510 U.S. at 554–56. "[J]udicial rulings alone almost never constitute a

15

valid basis for a bias or partiality motion." *Id.* at 555. If there is no evidence of extrajudicial sources of bias or prejudice, then a charge of impartiality has to be supported on evidence that the judge exhibited "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* Importantly, "factual allegations do not have to be taken as true," and a "judge should not recuse . . . on unsupported, irrational, or highly tenuous speculation." *Lopez v. Behles (In re Am. Ready Mix, Inc.),* 14 F.3d 1497, 1501 (10th Cir. 1994) (citations omitted).

In this case, the Debtor made allegations that Judge Taylor engaged in extreme prejudice against her. The Debtor also alleged that Judge Taylor engaged in ex parte communications with Wells Fargo. Beyond the supposition and conjecture, the Debtor has provided no evidence to support her allegations and provides no evidence of judicial bias or prejudice generally. Accordingly, the bankruptcy court did not abuse its discretion in denying the Debtor's motion to recuse because the Debtor failed to demonstrate that a reasonable person would believe that Judge Taylor's impartiality might reasonably be questioned.

## CONCLUSION

For the reasons stated above, we AFFIRM.