FILED

APR 29 2025

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

In re:
APARNA VASHISHT ROTA,

        Debtor.

---

APARNA VASHISHT ROTA,

        Appellant,

v.

HOWELL MANAGEMENT SERVICES, LLC,

        Appellee.

BAP No. SC-24-1140-CFB

Bk. No. 24-00224-CL 11

**MEMORANDUM**[*]

Appeal from the United States Bankruptcy Court
for the Southern District of California
Christopher B. Latham, Chief Bankruptcy Judge, Presiding

Before: CORBIT, FARIS, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Chapter 11[1] debtor Aparna Vashisht Rota ("Rota") appeals the

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

bankruptcy court's order denying her Civil Rule 60(b) motion to vacate the order dismissing her case. Bankruptcy debtors have a fundamental duty to disclose their assets, liabilities, and financial condition in a prescribed form and by a prescribed deadline. Rota thinks that, because she disputes a large claim against her, she did not have to comply with this duty. She is wrong. Because the bankruptcy court did not abuse its discretion, we AFFIRM.

## FACTS[2]

Rota filed a skeletal chapter 11 bankruptcy petition on January 26, 2024. The court notified Rota that the petition had errors and was incomplete. The notice warned Rota that if she did not file the missing papers within fourteen days, her case would be dismissed. Rota did not file the required documents. Consequently, on February 15, 2024, the bankruptcy court entered an order dismissing Rota's case without prejudice ("Dismissal Order").

Rota did not immediately appeal the Dismissal Order. Rather, after her case was dismissed, Rota filed a motion to extend time to file her schedules. The motion asserted that she needed additional time to finish her schedules because she had several cases "pending to offset any rulings." The court entered a "Notice to Filer of Errors and/or Deficiencies" notifying Rota that her case was dismissed. Undeterred, Rota filed several

---

[2] We exercise our discretion to take judicial notice of the docket and documents filed in the underlying bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co.* (*In re Atwood*), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

schedules. However, the schedules Rota filed were again incomplete and did not substantively conform to the official and local forms. Rota did not correct the errors in the schedules or seek to vacate the dismissal of her case.

On March 27, 2024, creditor Howell Management Services, LLC ("HMS") filed a motion to retroactively annul the automatic stay. In its motion, HMS explained that it obtained a judgment for $8,859,175.00 against Rota, dba August Education Group, on October 18, 2023, in a Utah state court. ("Utah Judgment"). Because Rota had not listed HMS as a creditor on her bankruptcy schedules, HMS was unaware of Rota's bankruptcy. HMS explained that it was in the process of domesticating the Utah Judgment in California when it discovered that Rota had filed a bankruptcy petition. HMS stated that it then immediately paused the domestication proceedings and filed the motion to retroactively annul the stay so it could complete the domestication of the Utah Judgment. On April 16, 2024, the bankruptcy court granted HMS's motion ("Stay Relief Order").

On April 19, 2024, by docket entry, the court administratively closed Rota's dismissed case. About a week later, Rota filed a 203-page motion to "set aside" the Stay Relief Order. Rota filed a second motion to set aside the Stay Relief Order on May 28, 2024. The bankruptcy court reopened Rota's case that same day. On May 31, 2024, the court entered a notice informing Rota that although her case was reopened for administrative purposes,

3

Rota's case was still dismissed. The notice further stated that the bankruptcy court would take no further action on Rota's motion to set aside the Stay Relief Order unless Rota successfully moved to vacate the Dismissal Order.

Rota filed two motions to set aside the Dismissal Order on June 13 and June 26, 2024 ("Motions to Vacate"). The Motions to Vacate were rambling and generally contained information wholly unrelated to the issue before the court – whether the Dismissal Order should be vacated. Instead, Rota argued various reasons why the Utah court got it wrong and urged the bankruptcy court to allow her to relitigate the issues.

HMS opposed Rota's Motions to Vacate. Included in HMS's opposition was a request for judicial notice of Rota's many "fragrantly [sic] frivolous lawsuits," including a 90-page decision by the Utah state court detailing Rota's litigious history, her blatant disregard for court orders, and her antagonistic emails and correspondence with opposing parties and court personnel. The bankruptcy court granted the request for judicial notice.

After a hearing, the bankruptcy court entered an order denying Rota's Motions to Vacate ("Order Denying Dismissal Reconsideration"). The court ruled that, even after interpreting Rota's pro se filings broadly, she failed to show that she was entitled to relief under any subsection of Civil Rule 60(b).

The bankruptcy court specifically determined that to the extent Rota asserted a Civil Rule 60(b)(1) defense, that argument failed. The bankruptcy court found that Rota had not sought to justify her delay by mistake, surprise, or excusable neglect. Rather, according to the court, Rota had admitted to the opposite: that her decision to not file the required documents was deliberate because she believed she did not have her full financial picture. Because her action, or lack thereof, was intentional, the bankruptcy court determined that there was no basis for relief pursuant to Civil Rule 60(b)(1).

The bankruptcy court likewise found that Rota failed to meet her burden under Civil Rule 60(b)(6). The bankruptcy court explained that Rota had not alleged any "extraordinary circumstances." Rather, the bankruptcy court found that by Rota's own statements at the August 26, 2024 hearing, Rota admitted that she was aware that she had not complied with her debtor obligations under Rule 1007. The bankruptcy court further found that Rota admitted at the hearing that she was not planning to comply if given the opportunity, because she continued to assert that it was not possible given the ongoing Utah litigation. Therefore, the bankruptcy court determined that because no extraordinary circumstances existed, Rota had not established relief from the Dismissal Order pursuant to Civil Rule 60(b)(6).

Rota appealed the Dismissal Order and the Order Denying Dismissal Reconsideration.[3]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in denying Rota's Motions to Vacate.

## STANDARD OF REVIEW

We review for abuse of discretion a bankruptcy court's denial of a motion for reconsideration. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010); *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 866 (9th Cir. BAP 2004). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

---

[3] Rota sought a stay from the BAP, which was denied. Rota also filed a motion for reconsideration, which she later withdrew. Rota next filed motions to strike her notices of withdrawal. We DENY Rota's motion for reconsideration, and we DISMISS AS MOOT all other pending motions. We also deny Rota's request for judicial notice filed on February 21, 2025, because the documents that Rota wants us to consider are not relevant to this appeal. Finally, Rota continues to file various unauthorized documents after oral argument and submission of the appeal. The documents have been received but the Panel will not consider them in making its decision.

**DISCUSSION**

**A.    The scope of this appeal is limited to the Order Denying Dismissal Reconsideration.**

Rota filed her Notice of Appeal on September 3, 2024. Rota indicated that she was appealing the "order dismissing case" and the "motion to reconsider" entered on "8/30/2024." The deadline for filing an appeal is mandatory and jurisdictional. *Wilkins v. Menchaca (In re Wilkins)*, 587 B.R. 97, 107 (9th Cir. BAP 2018). Rule 8002(b) tolls the time for filing an appeal if a party files a motion to alter or amend the judgment under Rule 9023 (Civil Rule 59) or a motion for relief under Rule 9024 (Civil Rule 60(b)) within fourteen days after the judgment is entered. Rule 8002(b)(1)(B), (D). An untimely Civil Rule 60(b) motion to vacate will not extend the time to file a notice of appeal of the underlying dismissal order. *See Pryor v. B Squared, Inc. (In re B Squared, Inc.)*, 654 F. App'x 268, 269 (9th Cir. 2016) ("To the extent that . . . the underlying dismissal order [is challenged], we lack jurisdiction over that decision" because it was not timely appealed and the "late-filed motion for reconsideration did not toll the time for filing the appeal.") (citation omitted). Thus, when a motion to vacate pursuant to Civil Rule 60(b) is filed more than fourteen days after the underlying dismissal order was entered, the order denying the Civil Rule 60(b) motion to vacate brings up for review only the denial of the motion to vacate; it does not bring up for review the underlying judgment or order. *See*

7

*Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995) (applying former ten-day rule).

In this case, the bankruptcy court's February 15, 2024 Dismissal Order was a final appealable order. *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1188 (9th Cir. 2000) (stating that a "bankruptcy court's order dismissing [the debtor's] bankruptcy petition is a final order"). Rota did not file a notice of appeal or tolling motion within fourteen days. Rota did not file her first Motion to Vacate the Dismissal Order until June 13, 2024. Because Rota's motion for relief under Civil Rule 60(b) was not filed within fourteen days, it did not toll the time to appeal the Dismissal Order. Rule 8002(b)(1)(D). Consequently, the scope of our review is limited to the Order Denying Dismissal Reconsideration.

**B.    The bankruptcy court's Order Denying Dismissal Reconsideration was not an abuse of its discretion**.

On appeal, Rota's arguments are difficult to discern and are generally unrelated to the issue of whether the bankruptcy court's Order Denying Dismissal Reconsideration was an abuse of its discretion. Rota continues to argue that she did not need to file schedules for several reasons including that her "research" indicated she could request a "Set Off and Recoupment on the money owed by contractual dues." Rota also appears to misconstrue the relief available. Rota argues that her "Rule 60" motion was "grounds to address/set aside Utah to order a new trial." Her appellate briefing focuses almost exclusively on errors she believes were made by the Utah courts.

Indeed, the first thirty-two pages in her opening brief focused almost exclusively on the Utah litigation. Contrary to Rota's assertions, even if the Utah litigation was ongoing, it would not obviate her obligation to file the required bankruptcy schedules pursuant to Rule 1007. Additionally, the status of the Utah litigation is irrelevant to whether the bankruptcy court abused its discretion in denying her Motions to Vacate.

### 1. Civil Rule 60(b)(1)

#### a. Applicable standards

Reconsideration pursuant to Civil Rule 60(b) (made applicable in bankruptcy cases through Rule 9024) is an "extraordinary remedy" that should be used sparingly. *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may not be used "to rehash the same arguments made the first time or simply express an opinion that the court was wrong." *In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom. Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991).

Civil Rule 60(b)(1) allows the bankruptcy court broad discretion to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Civil Rule 60(b)(1). Ultimately, the decision of whether a party's failure to meet a deadline qualifies as "excusable neglect" under Civil Rule 60(b)(1) is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick*

*Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Among the "relevant circumstances" to be considered are "[1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* When circumstances causing the delay are squarely within the party's control and the party nevertheless fails to file an extension, the neglect is not excusable. *Franchise Holding II, LLC, v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004).

> **b.** **The bankruptcy court did not abuse its discretion when it determined that Rota was not entitled to relief pursuant to Civil Rule 60(b)(1).**

The bankruptcy court found that relief under Civil Rule 60(b)(1) was not available to Rota because Rota's failure to file the required schedules was not due to mistake, surprise, or excusable neglect. The bankruptcy court based its determination on its finding that Rota admitted her decision not to file was intentional.

On appeal, Rota fails to direct the Panel to specific legal errors or erroneous factual findings by the bankruptcy court. Rather, Rota admits that not filing the required schedules, the basis of the bankruptcy court's Dismissal Order, was a purposeful decision.

Rule 1007(c) requires a debtor to file schedules, statements, and other documents with the petition or within fourteen days thereafter. A

10

bankruptcy court is permitted to dismiss a case, without further notice or hearing, if the debtor fails to either file the required documents within fourteen days of filing the petition or seek an extension of that deadline by order of the court. *In re Tennant*, 318 B.R. at 869 ("a procedure is 'perfectly appropriate' that notifies the debtor of the deficiencies of his petition and dismisses the case sua sponte without further notice and a hearing when the debtor fails to file the required forms within a deadline"). That is precisely what happened here.

It is undisputed that Rota's bankruptcy case was dismissed because of her failure to comply with her Rule 1007(c) debtor duties despite notice and opportunity. Additionally, Rota indicated that she had no timeframe for when she would be able to complete the schedules if the Dismissal Order was vacated because of the ongoing Utah litigation. Because Rota's decision to ignore the filing requirements was deliberate, the circumstances for the delay were squarely within her control. Therefore, we agree with the bankruptcy court that Rota was not entitled to relief pursuant to Civil Rule 60(b)(1). "Rule 60(b)(1) is not intended to remedy the effects of a . . . decision that a party later comes to regret through subsequently-gained knowledge . . . . For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves[.]" *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006). *See also Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1155 (9th Cir. 2016) (affirming denial of Civil Rule

11

60(b)(1) relief where the movant failed "to identify any instance of neglect that was excusable").

Because the bankruptcy court applied the correct legal standard and its factual findings were plausible and supported by reasonable inferences that may be drawn from the facts in the record, the bankruptcy court's determination that Rota was not entitled to Civil Rule 60(b)(1) relief from the Dismissal Order was not an abuse of discretion.

### 2. Civil Rule 60(b)(6)

#### a. Applicable standard

Civil Rule 60(b)(6) provides that a court may relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief." Civil Rule 60(b)(6) imposes a very high threshold of proof. Its "catch-all" provisions are available rarely, are solely an equitable remedy to prevent manifest injustice, and should be invoked only where extraordinary circumstances prevented a party from taking timely action to correct an erroneous judgment. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds*, 593 F.3d 790 (9th Cir. 2010). As such, under Civil Rule 60(b)(6), a party seeking relief must demonstrate both injury and circumstances beyond its control that prevented it from proceeding with the prosecution or defense of the action in a proper fashion. *Id.*

**b. The bankruptcy court did not abuse its discretion when it determined that Rota was not entitled to relief pursuant to Civil Rule 60(b)(6).**

The bankruptcy court determined that Rota failed to meet her burden under Civil Rule 60(b)(6). The bankruptcy court found that Rota had not pled any extraordinary circumstances. Rather, Rota merely alleged that she could not comply with her Rule 1007(c) debtor obligations because of the ongoing Utah litigation.

On appeal, Rota does not allege that the bankruptcy court applied the wrong law or that its factual findings were erroneous. Rather, Rota continues to focus on the Utah litigation with only passing and generally nonsensical references to the bankruptcy case.

It is without dispute that Rota deliberately did not file, and would not file, several of her bankruptcy schedules as required under Rule 1007. When a party freely and deliberately makes decisions regarding her conduct, that party cannot obtain relief under Civil Rule 60(b)(6) upon discovering the choices were ill-conceived. *See Ackermann v. United States*, 340 U.S. 193, 198 (1950). Accordingly, the bankruptcy court did not abuse its discretion in determining that Rota was not entitled to relief pursuant to Civil Rule 60(b)(6).

## CONCLUSION

For the reasons stated above, we AFFIRM.